■ EYAL OFRI et al., Appellants, v WALDBAUM, INC., Defendant and Third-Party Plaintiff-Respondent. LODATO ENTERPRISES, INC., Third-Party Defendant-Respondent. [728 NYS2d 74] —In an action to recover damages for personal injuries, the plaintiffs appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Suffolk County (Oshrin, J.), entered May 31, 2000, as, upon an order entered May 1, 2000, inter alia, granting those branches of the defendant's motion which were for summary judgment dismissing the causes of action predicated upon Labor Law § 241 (6) and § 240 (1) and denying their cross motion for partial summary judgment under Labor Law § 240 (1), dismissed the causes of action pursuant to Labor Law § 240 (1) and § 241 (6).

Ordered that the plaintiffs' notice of appeal from the order is deemed a premature notice of appeal from the judgment (see, CPLR 5520 [c]); and it is further,

Ordered that the judgment is affirmed insofar as appealed from, with costs.

Immediately prior to demolishing a wall upon which numerous mirrored panels were affixed, the plaintiff Eyal Ofri (hereinafter the plaintiff) allegedly was injured by a falling piece of a broken mirror. The mirrors were mounted on the wall approximately five feet above the floor, and the plaintiff stood directly on the floor as he removed each panel from its mounting frame. Contrary to the plaintiffs' contentions, as the Court of Appeals has now determined, this is not the kind of hazard contemplated by Labor Law § 240 (1), and thus the Supreme Court properly granted that branch of the defendant's motion which was to dismiss the plaintiffs' cause of action predicated thereon (see, Narducci v Manhasset Bay Assocs., 96 NY2d 259, revg 270 AD2d 60).

The Supreme Court correctly dismissed the plaintiffs' cause of action predicated upon Labor Law § 241 (6) as the plaintiff's injuries were not caused by a hazard created by the demolition work, rendering the relied-upon regulation, 12 NYCRR 23-3.3 (c), inapplicable (see, Monroe v City of New York, 67 AD2d 89, 100).

The plaintiffs' remaining contentions are without merit. Krausman, J. P., S. Miller, Schmidt and Adams, JJ., concur.