■ LUIS GONZALEZ, Appellant, v TURNER CONSTRUCTION COMPANY, Respondent. [815 NYS2d 179]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Kramer, J.), dated June 3, 2005, as granted that branch of the defendant's cross motion which was for summary judgment dismissing the cause of action to recover damages for a violation of Labor Law § 240 (1), and denied his motion for summary judgment on the issue of liability on that cause of action.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff was standing on a roof "shifting" an 800-foot rope with two other workers who were below roof level when he was pulled forward and struck a beam. He commenced this action, inter alia, to recover damages based upon a violation of Labor Law § 240 (1).

Labor Law § 240 (1) provides exceptional protection for workers against the "special hazards" that arise when either the work site itself is elevated or is positioned below the level where materials or load are being hoisted or secured (see Narducci v Manhasset Bay Assoc., 96 NY2d 259, 267-268 [2001]; Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 500-501 [1993]; Rocovich v Consolidated Edison Co., 78 NY2d 509, 514-515 [1991]; Jiron v China Buddhist Assn., 266 AD2d 347 [1999]). These special hazards do not encompass any and all perils that may be connected in some tangential way with the effects of gravity. Rather, they are limited to such specific gravity-related accidents as falling from a height or being struck by a falling object that was improperly hoisted or inadequately secured (see Narducci v Manhasset Bay Assoc., supra; Ross v Curtis-Palmer Hydro-Elec. Co., supra; Rocovich v Consolidated Edison Co., supra; Jiron v China Buddhist Assn., supra). Here, in support of its cross motion for summary judgment, the defendant demonstrated, prima facie, that the plaintiff's alleged injuries did not arise from a violation of Labor Law § 240 (1) (see Ross v Curtis-Palmer Hydro-Elec. Co., supra). In opposition, the plaintiff failed to raise a triable issue of fact. Thus, the Supreme Court properly granted the defendant summary judgment dismissing the cause of action to recover damages pursuant to Labor Law § 240 (1).

The plaintiff's remaining contention is without merit. Ritter, J.P., Mastro, Lunn and Covello, JJ., concur.