■ RODNEY TURNER, Appellant, v GARTEN FOODS, Doing Business as BAREFOOT CONTESSA, Respondent, et al., Defendant. [823 NYS2d 182]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Henry, J.), dated December 22, 2004, as granted that branch of the motion of the defendant, Garten Foods, doing business as Barefoot Contessa, which was for summary judgment dismissing so much of the cause of action against it as alleged a violation of Labor Law § 240 (1).

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff allegedly sustained injury in the process of removing duct work at premises owned by the defendant Garten Foods, doing business as Barefoot Contessa (hereinafter Garten Foods). According to the plaintiff, the accident occurred while he was standing on a ladder and using a tool called a sawsall to cut into the duct. The ladder was positioned so that the plaintiff's face was level with the duct work and his arms were underneath it. As the plaintiff cut into the metal, a piece of the duct swung downward and struck his left forearm, causing injury.

The Supreme Court properly granted that branch of the motion by Garten Foods which was for summary judgment dismissing so much of the cause of action against it as alleged a violation of Labor Law § 240 (1). Contrary to the plaintiff's contention, the accident was not due to a hazard which is contemplated by that statute (see Bond v York Hunter Constr., 95 NY2d 883, 884-885 [2000]; Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 500-501 [1993]; Ofri v Waldbaum, Inc., 285 AD2d 536 [2001]). Schmidt, J.P., Santucci, Skelos and Covello, JJ., concur.