■ JICHENG LIU, Appellant-Respondent, v SANFORD TOWER CONDOMINIUM, INC., et al., Defendants, KD INTERNATIONAL et al., Respondents-Appellants, and ROBERT SHUMIN ZHOU et al., Respondents. (And a Third-Party Action.) [828 NYS2d 101]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Agate, J.), dated January 26, 2005, as denied that branch of his cross motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1) insofar as asserted against the defendants KD International, KD International Development Corporation, Robert Shumin Zhou, and Dong Hong Shong, and the defendants KD International and KD International Development Corporation cross-appeal, as limited by their notice of appeal, their letter dated June 29, 2005, and their reply brief, from so much of the same order as denied those branches of their cross motion which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 240 (1) and 241 (6) insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, and that branch of the plaintiff's cross motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1) insofar as asserted against the defendants KD International, KD Interna-

tional Development Corporation, Robert Shumin Zhou, and Dong Hong Shong is granted; and it is further,

Ordered that the order is affirmed insofar as cross-appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

In support of his cross motion, inter alia, for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1) insofar as asserted against the general contractor, the defendants KD International and KD International Development Corporation (hereinafter collectively KD International), and the unit owners, the defendants Robert Shumin Zhou and Dong Hong Shong (hereinafter collectively the owners), the plaintiff established that he fell from a ladder during the course of his employment as an electrician while installing a support chain in a ceiling with a nail gun, and that the absence of rubber feet caused the ladder to move on a slippery floor. In opposition, KD International and the owners failed to raise a triable issue of fact. Accordingly, under the peculiar facts of this case, the Supreme Court erred in denying that branch of the plaintiff's cross motion which was for summary judgment on the cause of action alleging a violation of Labor Law § 240 (1) insofar as asserted against KD International and the owners (*see Gordon v Eastern Ry. Supply*, 82 NY2d 555, 561-562 [1993]; *Lacey v Turner Constr. Co.*, 275 AD2d 734, 735 [2000]).

The Supreme Court properly denied that branch of the cross motion of KD International which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 241 (6). "A plaintiff asserting a cause of action alleging a violation of Labor Law § 241 (6) must allege that a specific and concrete provision of the Industrial Code was violated and that the violation proximately caused his or her injuries" (*Rosado v Briarwoods Farm, Inc.*, 19 AD3d 396, 399 [2005] [citations omitted]). In his bill of particulars, the plaintiff alleged that KD International violated 12 NYCRR 23-1.7 and 12 NYCRR 23-1.21. Contrary to KD International's contention, those regulations are sufficiently specific to support a cause of action under Labor Law § 241 (6) (*see Perry v City of Syracuse Indus. Dev. Agency*, 283 AD2d 1017 [2001]; *Norton v Park Plaza Owners Corp.*, 263 AD2d 531 [1999]). Furthermore, there are triable issues of fact as to whether KD International violated 12 NYCRR 23-1.7 (d) and 12 NYCRR 23-1.21 (b) (3) (iv) (*see De Oliveira v Little John's Moving*, 289 AD2d 108 [2001]).

KD International's remaining contention is without merit. Adams, J.P., Krausman, Fisher and Dillon, JJ., concur.