■ GREG J. SCHARFF, Appellant, v SACHEM CENTRAL SCHOOL DISTRICT AT HOLBROOK et al., Respondents. (And a Third-Party Action.) [861 NYS2d 406]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (R. Doyle, J.), dated July 30, 2007, as granted that branch of the defendants' motion which was for summary judgment dismissing the Labor Law § 240 (1) cause of action and denied his cross motion for summary judgment on the issue of liability on that cause of action.

Ordered that the order is affirmed insofar as appealed from, with costs.

Labor Law § 240 (1) affords special protection to workers who sustain personal injuries as a result of elevation-related risks such as falling from a height or being struck by a falling object that was improperly hoisted (*see Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 500 [1993]). However, this section of the Labor Law does not "encompass any and all perils that may be connected in some tangential way with the effects of gravity" (*Gonzalez v Turner Constr. Co.*, 29 AD3d 630, 631 [2006]). Merely because "a worker is injured while working above ground does not ipso facto mean that the injury resulted from an elevation-related risk contemplated by section 240 (1) of the Labor Law" (*Striegel v Hillcrest Hgts. Dev. Corp.*, 100 NY2d 974, 977 [2003]).

Here, the plaintiff testified that he slipped and fell onto the surface of a roof of a school while working thereon. The defendants met their burden of establishing their prima facie

entitlement to judgment as a matter of law by demonstrating that the plaintiff's injury was not incurred as a result of an elevation-related risk. In opposition, the plaintiff failed to raise a triable of fact (*see Gonzalez v Turner Constr. Co.*, 29 AD3d at 631). The Supreme Court properly found that the plaintiff's affidavit, in which he alleged that he also slid down the roof, contradicted prior deposition testimony and was an attempt to create a feigned issue of fact (*see Makaron v Luna Park Hous. Corp.*, 25 AD3d 770 [2006]). Accordingly, the defendants properly were awarded summary judgment dismissing the Labor Law § 240 (1) cause of action. Mastro, J.P., Skelos, Lifson and Leventhal, JJ., concur.