■ ROBERT RAU, Appellant, v BAGELS N BRUNCH, INC., et al., Respondents. [870 NYS2d 111]—

Labor Law § 240 (1) provides exceptional protection for workers against the "special hazards" that arise when the work site itself either is elevated or is positioned below the level where materials or load are being hoisted or secured (*see Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 500-501 [1993]; *Rocovich v Consolidated Edison Co.*, 78 NY2d 509, 514-515 [1991]; *Gonzalez v Turner Constr. Co.*, 29 AD3d 630, 631 [2006]). These special hazards do not encompass any and all perils that may be connected in some tangential way with the effects of gravity. Rather, they are limited to such specific gravity-related accidents as falling from a height or being struck by a falling object that was improperly hoisted or inadequately secured (*see Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d at 500-501; *Rocovich v Consolidated Edison Co.*, 78 NY2d at 514-515; *Turner v Garten Foods*, 33 AD3d 691 [2006]; *Gonzalez v Turner Constr. Co.*, 29 AD3d at 631). Here, in support of their respective cross motions for summary judgment, the defendants Bagels N Brunch, Inc., Sommer Rolling Meadows Family Limited Partnership, Rolling Meadows, Inc., Werner Sommer, Roy Von Kampen, and Herman G. Von Kampen (hereinafter the defendants) demonstrated, prima facie, that the plaintiff's accident was not within the scope of Labor Law § 240 (1) (*see Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d at 500-501). In opposition, the plaintiff failed to raise a triable issue of fact. Thus, the Supreme Court properly granted those branches of the defendants' respective cross motions which were for summary judgment dismissing the cause of action to recover damages pursuant to Labor Law § 240 (1) insofar as asserted against each of them.

Regarding the plaintiff's cause of action pursuant to Labor Law § 241 (6), which was premised on violations of 12 NYCRR 23-1.5, 23-1.7, 23-1.16 and 23-1.21, owners and contractors are required to "provide reasonable and adequate protection and

safety" for workers, and are required to comply with the specific safety rules and regulations promulgated by the Commissioner of the Department of Labor (*see Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d at 501-502). The rule or regulation alleged to have been breached must be a specific, positive command and be applicable to the facts of the case (*see Kwang Ho Kim v D & W Shin Realty Corp.,* 47 AD3d 616, 619 [2008]; *Jicheng Liu v Sanford Tower Condominium, Inc.,* 35 AD3d 378, 379 [2006]).

The defendants established, prima facie, that the regulations set forth at 12 NYCRR 23-1.16 and 23-1.21, which set standards for safety belts and ladders, respectively, are inapplicable here because the plaintiff was not provided with any such devices (*see Smith v Cari, LLC,* 50 AD3d 879, 881 [2008]; *Kwang Ho Kim v D & W Shin Realty Corp.,* 47 AD3d at 619; *Juchniewicz v Merex Food Corp.,* 46 AD3d 623, 625 [2007]; *Dzieran v 1800 Boston Rd., LLC,* 25 AD3d 336, 337-338 [2006]; *Norton v Park Plaza Owners Corp.,* 263 AD2d 531, 532 [1999]). In addition, 12 NYCRR 23-1.5 is insufficient to support the plaintiff's cause of action (*see Maday v Gabe's Contr., LLC,* 20 AD3d 513 [2005]), and 12 NYCRR 23-1.7 is not applicable to the facts of this case (*see Kwang Ho Kim v D & W Shin Realty Corp.,* 47 AD3d at 619; *Jicheng Liu v Sanford Tower Condominium, Inc.,* 35 AD3d at 379). In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted those branches of the defendants' respective cross motions which were for summary judgment dismissing the cause of action to recover damages pursuant to Labor Law § 241 (6) insofar as asserted against each of them. Prudenti, P.J., Dillon, Eng and Leventhal, JJ., concur. [*See* 2007 NY Slip Op 32986(U).]