Chapa v Bayles Props., Inc. (2020 NY Slip Op 00397)





Chapa v Bayles Props., Inc.


2020 NY Slip Op 00397


Decided on January 22, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 22, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
REINALDO E. RIVERA
RUTH C. BALKIN
JOSEPH J. MALTESE, JJ.


2017-12625
 (Index No. 606717/14)

[*1]Andres Javier Lazo Chapa, respondent,
v
Bayles Properties, Inc., et al., appellants, et al., defendant.


Traub Lieberman Straus & Shrewsberry LLP, Hawthorne, NY (Timothy G. McNamara of counsel), for appellants.
Ginarte Gallardo Gonzalez & Winograd, LLP, New York, NY (Timothy Norton of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants Bayles Properties, Inc., Ressa Real Estate, Ressa Family, LLC, Ressa Properties, LLC, Ressa Building, LLC, Ressa GTZ Properties, LLC, and Ressa Management, LLC, appeal from an order of the Supreme Court, Nassau County (Anthony L. Parga, J.), entered September 20, 2017. The order, insofar as appealed from, granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) by the defendant Bayles Properties, Inc.
ORDERED that the appeal by the defendants Ressa Real Estate, Ressa Family, LLC, Ressa Properties, LLC, Ressa Building, LLC, Ressa GTZ Properties, LLC, and Ressa Management, LLC, is dismissed, as those defendants are not aggrieved by the portion of the order appealed from (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144, 156-157); and it is further,
ORDERED that the order is affirmed insofar as appealed from by the defendant Bayles Properties, Inc.; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The plaintiff, a painter employed by nonparty Super Plaster, LLC, allegedly was injured when the extension ladder on which he was standing slid and fell, causing him to fall. The plaintiff commenced this personal injury action against, among others, the defendant Bayles Properties, Inc. (hereinafter Bayles), the owner of the premises where the accident occurred, alleging, inter alia, that Bayles violated Labor Law § 240(1). The plaintiff moved, inter alia, for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) by Bayles. In an order entered September 20, 2017, the Supreme Court granted that branch of the plaintiff's motion, and this appeal ensued.
We agree with the Supreme Court's determination granting that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the Labor Law § [*2]240(1) cause of action asserted against Bayles. The plaintiff established, prima facie, Bayles's liability under Labor Law § 240(1) through the submission of a transcript of the plaintiff's deposition testimony, which demonstrated that he was provided with a ladder that lacked rubber feet, and that the ladder, which was leaning against a wall, slid away from the wall, causing the plaintiff to fall to the ground (see Fox v H & M Hennes & Mauritz, L.P., 83 AD3d 889; Barr v 157 5 Ave., LLC, 60 AD3d 796, 797; Jicheng Liu v Sanford Tower Condominium, Inc., 35 AD3d 378; Boe v Gammarati, 26 AD3d 351). In opposition, Bayles failed to raise a triable issue of fact as to whether the plaintiff's conduct was the sole proximate cause of the accident (see Ortiz v Burke Ave. Realty, Inc., 126 AD3d 577; Triola v City of New York, 62 AD3d 984, 986; Orphanoudakis v Dormitory Auth. of State of N.Y., 40 AD3d 502).
Bayles's contention that the plaintiff's motion was premature is without merit (see Northfield Ins. Co. v Golob, 164 AD3d 682, 683-684; Reynolds v Avon Grove Props., 129 AD3d 932, 933).
MASTRO, J.P., RIVERA, BALKIN and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court