Debennedetto v Chetrit (2021 NY Slip Op 00413)





Debennedetto v Chetrit


2021 NY Slip Op 00413


Decided on January 27, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 27, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
BETSY BARROS
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2018-14781
 (Index No. 13637/13)

[*1]John Debennedetto, plaintiff-respondent-appellant,
v
Abraham Chetrit, et al., appellants-respondents, Joseph & Sons B, LLC, defendant-respondent-appellant, et al., defendant.


Cuomo LLC, Mineola, NY (Matthew A. Cuomo of counsel), for appellants-respondents.
William Schwitzer & Associates, P.C., New York, NY (Brett E. Zuckerman of counsel), for plaintiff-respondent-appellant.
Litchfield Cavo LLP, New York, NY (Jennifer R. Loyd of counsel), for defendant-respondent-appellant.



DECISION & ORDER
In a consolidated action to recover damages for personal injuries, the defendants Abraham Chetrit and Zhari Chetrit appeal, and the defendant Joseph & Sons B, LLC, and the plaintiff separately cross-appeal, from an order of the Supreme Court, Kings County (David B. Vaughan, J.), dated October 31, 2018. The order, insofar as appealed from, denied the motion of the defendants Abraham Chetrit and Zhari Chetrit for summary judgment dismissing the complaint and all cross claims insofar as asserted against them. The order, insofar as cross-appealed from by the defendant Joseph & Sons B, LLC, denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. The order, insofar as cross-appealed from by the plaintiff, denied his motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1).
ORDERED that the order is modified, on the law, (1) by deleting the provision thereof denying the motion of the defendants Abraham Chetrit and Zhari Chetrit for summary judgment dismissing the complaint and all cross claims insofar as asserted against them, and substituting therefor a provision granting the motion, (2) by deleting the provision thereof denying that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against the defendant Joseph & Sons B, LLC, and substituting therefor a provision granting that branch of the motion, (3) by deleting the provision thereof denying that branch of the motion of the defendant Joseph & Sons B, LLC, which was for summary judgment dismissing the causes of action alleging a violation of Labor Law § 200 and common-law negligence insofar as asserted against it, and substituting therefor a provision granting that branch of the motion, (4) by deleting the provision thereof denying that branch of the motion of the defendant Joseph & Sons B, LLC, which was for summary judgment dismissing so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated upon 12 NYCRR 23-5.1(f) insofar as asserted against it, and substituting [*2]therefor a provision granting that branch of the motion, and (5) by deleting the provision thereof denying that branch of the motion of the defendant Joseph & Sons B, LLC, which was for summary judgment dismissing the cross claims of the defendants Abraham Chetrit and Zhari Chetrit for contractual and common-law indemnification, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as cross-appealed from, without costs or disbursements.
The plaintiff allegedly was injured while performing carpentry work at property owned by the defendants Abraham Chetrit and Zhari Chetrit (hereinafter together the Chetrits). The Chetrits retained the defendant Joseph & Sons B, LLC (hereinafter J & S), to act as general contractor, and J & S retained the plaintiff's employer, nonparty Vek Construction, LLC, to do framing and other work for the project, which consisted of the construction of a one-family house. To create a scaffold, the plaintiff and his coworkers affixed triangular, metal brackets to the outside of the house, and then laid wooden planks across the brackets. The plaintiff stepped through the window frame onto the scaffold and, shortly thereafter, the scaffold collapsed, causing him to fall to the ground below.
The plaintiff commenced this action against the Chetrits and J & S (hereinafter together the defendants) and another defendant to recover damages for his injuries, asserting causes of action alleging violations of Labor Law §§ 200, 240(1), and 241(6), and common-law negligence. The Chetrits asserted cross claims against J & S for contractual and common-law indemnification, and J & S assserted cross claims against the Chetrits for contribution and indemnification.
The plaintiff thereafter moved for summary judgment on the issue of liability on the Labor Law § 240(1) cause of action and the Chetrits and J & S separately moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against them. The Supreme Court denied the motions, reasoning only that "issues of fact exist." The Chetrits appeal, and the plaintiff and J & S separately cross-appeal.
The Supreme Court should have awarded the Chetrits summary judgment dismissing the Labor Law §§ 240(1) and 241(6) causes of action insofar as asserted against them. Owners of one- or two-family dwellings are exempt from liability under both Labor Law §§ 240(1) and 241(6) unless they directed or controlled the work being performed (see Szczepanski v Dandrea Constr. Corp., 90 AD3d 642, 643). "'The homeowner's exemption was enacted to protect owners of one- and two-family dwellings who are not in a position to realize, understand, and insure against the responsibilities of strict liability imposed by Labor Law §§ 240(1) and 241(6)'" (Abdou v Rampaul, 147 AD3d 885, 886, quoting Ramirez v I.G.C. Wall Sys., Inc., 140 AD3d 1047, 1048). "'The phrase direct or control as used in those statutes is construed strictly and refers to the situation where the owner supervise[d] the method and manner of the work'" (Lazo v Ricci, 178 AD3d 811, 812, quoting Torres v Levy, 32 AD3d 845, 846).
The Chetrits demonstrated, prima facie, that they were entitled to the benefit of the homeowner's exemption through evidence that they were constructing the subject one-family house to be used, on a noncommercial basis, by their son and his family, and that they did not direct or control the work (see Levy v Baumgarten, 147 AD3d 823, 824; Morocho v Marino Enters. Contr. Corp., 65 AD3d 675, 676). The fact that the Chetrits were also building a separate one-family house on abutting property for commercial purposes does not affect their entitlement to the exemption with respect to the plaintiff's accident, which occurred at a house they were constructing for a noncommercial purpose (see Levy v Baumgarten, 147 AD3d at 824; Ramirez v Begum, 35 AD3d 578, 579). In opposition, the plaintiff failed to raise a triable issue of fact. In light of the foregoing, the plaintiff was not entitled to summary judgment on the issue of liability on the Labor Law §§ 240(1) and 241(6) causes of action insofar as asserted against the Chetrits.
However, the plaintiff was entitled to an award of summary judgment on the issue os liability on the Labor Law § 240(1) cause of action insofar as asserted against J & S. Labor Law § 240(1) imposes a nondelegable duty upon owners, general contractors, and their agents to provide scaffolding which is "so constructed, placed and operated as to give proper protection" to employees using it. To make a prima facie showing of liability under Labor Law § 240(1), a plaintiff must [*3]establish that the statute was violated and that the violation was a proximate cause of his or her injuries (see Felix v Klee & Woolf, LLP, 138 AD3d 920, 921). The burden then shifts to the defendant to raise a triable issue of fact (see Bermejo v New York City Health & Hosps. Corp., 119 AD3d 500, 502). A plaintiff's comparative negligence is not a defense to a cause of action under Labor Law § 240(1) (see Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d 280, 286; Rapalo v MJRB Kings Highway Realty, LLC, 163 AD3d 1023, 1024). However, where a plaintiff's actions are the sole proximate cause of his or her injuries, liability under Labor Law § 240(1) does not attach (see Robinson v East Med. Ctr., LP, 6 NY3d 550, 554; Rapalo v MJRB Kings Highway Realty, LLC, 163 AD3d at 1024).
Here, the plaintiff demonstrated his prima facie entitlement to judgment as a matter of law on the issue of J & S's liability on the Labor Law § 240(1) cause of action. The collapse of a scaffold or ladder for no apparent reason while a plaintiff is engaged in an activity enumerated under the statute creates a presumption that the ladder or scaffold did not afford proper protection (see Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d at 289 n 8; Heffernan v Bais Corp., 294 AD2d 401, 403). Thus, in the instant case, the collapse of the scaffold, for no apparent reason, gave rise to "a prima facie showing that the statute was violated and that the violation was a proximate cause of the worker's injuries" (Dos Santos v State of New York, 300 AD2d 434, 434; see Bermejo v New York City Health & Hosps. Corp., 119 AD3d 500; Tapia v Mario Genovesi & Sons, Inc., 72 AD3d 800). In opposition, J & S failed to raise a triable issue of fact as to whether the plaintiff's conduct was the sole proximate cause of his accident. Contrary to J & S's contention, the plaintiff's participation, with another worker, in the assembly of the scaffold does not raise a triable issue of fact as to whether he was the sole proximate cause of the accident (see Griffin v AVA Realty Ithaca, LLC, 150 AD3d 1462, 1465-1466).
With respect to Labor Law § 241(6), the plaintiff alleged that the defendants violated 12 NYCRR 23-5.1(c)(1), (e)(5), (f), and (h), 23-5.3(c), (d)(2)(vi) and (d)(3), and 23-5.13(d), as well as 23-5.1(j) and 23-5.3(e). The plaintiff abandoned his reliance on any other provisions of the Industrial Code by failing to address them in his brief (see Pita v Roosevelt Union Free Sch. Dist., 156 AD3d 833, 835; Palomeque v Capital Improvement Servs., LLC, 145 AD3d 912, 914; Harsch v City of New York, 78 AD3d 781, 783).
J & S failed to demonstrate its prima facie entitlement to judgment as a matter of law dismissing so much of the Labor Law § 241(6) cause of action as was predicated on 12 NYCRR 23-5.1(c)(1) and (e)(5), 23-5.1(j), 23-5.3(c), (d)(2)(vi), (d)(3), and (e), and 23-5.13(d) insofar as asserted against it. Section 23-5.1(c)(1), which provides that, "[e]xcept where otherwise specifically provided . . . all scaffolding shall be so constructed as to bear four times the maximum weight required to be dependent therefrom or placed thereon when in use," and section 5.1(e)(5), which provides that "the minimum width of every planked scaffold platform shall be 18 inches," are sufficiently specific to support a Labor Law § 241(6) cause of action (see Treu v Cappelletti, 71 AD3d 994; O'Connor v Spencer [1997] Inv. Ltd. Partnership, 2 AD3d 513, 515; see also Susko v 337 Greenwich LLC, 103 AD3d 434, 436; cf. Macedo v J.D. Posillico, Inc., 68 AD3d 508) and J & S failed to establish that the alleged violations of those sections were not a proximate cause of the plaintiff's injuries. Further, J & S failed to establish, prima facie, that 12 NYCRR 23-5.3(c), (d)(2)(vi), and (d)(3), which specify standards for the design and construction of metal scaffolds, or 12 NYCRR 23-5.1(j), 23-5.3(e), or 23-5.13(d), which specify when safety railings are required on scaffolds, or 12 NYCRR 23-5.1(h), which provides that "[e]very scaffold shall be erected and removed under the supervision of a designated person," are not applicable to the facts of this case (see Abreo v URS Greiner Woodward Clyde, 60 AD3d 878, 879-880).
However, J & S established its prima facie entitlement to judgment as a matter of law dismissing so much of the Labor Law § 241(6) cause of action as was predicated on 12 NYCRR 5.1(f) insofar as asserted against it. That section sets forth a general, rather than specific, safety standard and is, therefore, insufficient to support a Labor Law § 241(6) cause of action (see Klimowicz v Powell Cove Assoc., LLC, 111 AD3d 605; Allan v DHL Express [USA], Inc., 99 AD3d 828).
The Supreme Court should have granted those branches of the defendants' separate motions which were for summary judgment dismissing the Labor Law § 200 and common-law negligence causes of action insofar as asserted against each of them. "'Section 200 of the Labor Law merely codified the common-law duty imposed upon an owner or general contractor to provide construction site work[ers] with a safe place to work'" (Salgado v Rubin, 183 AD3d 617, 618, quoting Russin v Louis N. Picciano & Son, 54 NY2d 311, 316-317). "'To be held liable under Labor Law § 200 for injuries arising from the manner in which work is performed, a defendant must have authority to exercise supervision and control over the work'" (Salgado v Rubin, 183 AD3d at 618-619, quoting Rojas v Schwartz, 74 AD3d 1046, 1046 [internal quotation marks omitted]). Here, both the Chetrits and J & S demonstrated their prima facie entitlement to judgment as a matter of law dismissing the Labor Law § 200 and common-law negligence causes of action insofar as asserted against each of them, as the record demonstrates that neither the Chetrits nor J & S supervised, directed, or otherwise controlled the plaintiff's work (see Salgado v Rubin, 183 AD3d at 619; Boody v El Sol Contr. & Constr. Corp., 180 AD3d 863, 865). In opposition, the plaintiff failed to raise a triable issue of fact. Contrary to the plaintiff's contentions, the fact that Abraham Chetrit, David Chetrit, and J & S's employees often visited the work site to inspect the work, make requests, and ask questions does not preclude summary judgment, as "'[m]ere general supervisory authority at [the] work site for the purpose of overseeing the progress of the work and inspecting the work product is insufficient to impose liability under Labor Law § 200'" (Poulin v Ultimate Homes, Inc., 166 AD3d 667, 670, quoting Ortega v Puccia, 57 AD3d 54, 62; see Giannas v 100 3rd Ave. Corp., 166 AD3d 853, 856; Messina v City of New York, 147 AD3d 748, 749). Moreover, although J & S employees had the power to stop any unsafe work at the work site, this alone is insufficient to impose liability under Labor Law § 200 (see Giannas v 100 3rd Ave. Corp., 166 AD3d at 856; Messina v City of New York, 147 AD3d at 749).
J & S demonstrated its prima facie entitlement to judgment as a matter of law dismissing the Chetrits' cross claim for contractual indemnification, as the agreement between J & S and the Chetrits contained no provision requiring J & S to indemnify the Chetrits (see Rivera v 203 Chestnut Realty Corp., 173 AD3d 1085, 1087). In opposition, the Chetrits failed to raise a triable issue of fact.
"The principle of common-law, or implied, indemnification permits one who has been compelled to pay for the wrong of another to recover from the wrongdoer the damages it paid to the injured party" (Curreri v Heritage Prop. Inv. Trust, Inc., 48 AD3d 505, 507; see McCarthy v Turner Constr., Inc., 17 NY3d 369, 375; George v Marshalls of MA, Inc., 61 AD3d 925, 929). "Liability for indemnification may only be imposed against those parties (i.e., indemnitors) who exercise actual supervision" (McCarthy v Turner Constr., Inc., 17 NY3d at 378). J & S established its prima facie entitlement to judgment as a matter of law dismissing the Chetrits' cross claim for common-law indemnification by demonstrating that it did not actually direct or supervise the plaintiff's work (see id. at 375; Marquez v L & M Dev. Partners, Inc., 141 AD3d 694, 700). In opposition, the Chetrits failed to raise a triable issue of fact.
Finally, since the Supreme Court should have granted that branch of the Chetrits' motion which was for summary judgment dismissing the complaint insofar as asserted against them, dismissal of all cross claims asserted against them is also warranted.
DILLON, J.P., BARROS, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court