Aponte v Airport Indus. Park, LLC (2022 NY Slip Op 00995)





Aponte v Airport Indus. Park, LLC


2022 NY Slip Op 00995


Decided on February 16, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 16, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
REINALDO E. RIVERA
WILLIAM G. FORD
DEBORAH A. DOWLING, JJ.


2019-00736
 (Index No. 25333/11)

[*1]Rafael Aponte, plaintiff-appellant,
v
Airport Industrial Park, LLC, defendant third-party plaintiff-respondent; Perfect Towing, Inc., etc., et al., third-party defendants, Young's Auto Collision and Glass, Inc., third-party defendant-appellant.


Gorayeb & Associates, P.C., New York, NY (John M. Shaw of counsel), for plaintiff-appellant.
Law Offices of Curtis, Vasile, Mehary & Dorry P.C., Merrick, NY (Melissa Johnston and Michael G. Mehary of counsel), for third-party defendant-appellant.
Correia, King, Fodera, McGinnis & Liferiedge (Mauro Lilling Naparty LLP, Woodbury, NY [Anthony F. DeStefano and Gregory I. Freedman], of counsel), for defendant third-party plaintiff-respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals, and the third-party defendant Young's Auto Collision and Glass, Inc., separately appeals, from an order of the Supreme Court, Kings County (Larry D. Martin, J.), dated October 24, 2018. The order, insofar as appealed from by the plaintiff, denied the plaintiff's cross motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1). The order, insofar as appealed from by the third-party defendant Young's Auto Collision and Glass, Inc., granted that branch of the defendant third-party plaintiff's motion which was for summary judgment on the third-party cause of action for common-law indemnification asserted against the third-party defendant Young's Auto Collision and Glass, Inc.
ORDERED that the order is affirmed insofar as appealed from by the plaintiff; and it is further,
ORDERED that the order is reversed insofar as appealed from by the third-party defendant Young's Auto Collision and Glass, Inc., on the law, and that branch of the defendant third-party plaintiff's motion which was for summary judgment on the third-party cause of action for common-law indemnification asserted against the third-party defendant Young's Auto Collision and Glass, Inc., is denied; and it is further,
ORDERED that one bill of costs is awarded to the defendant third-party plaintiff payable by the plaintiff and one bill of costs is awarded to the third-party defendant Young's Auto Collision and Glass, Inc., payable by the defendant third-party plaintiff.
The plaintiff allegedly fell from a ladder at certain premises owned by the defendant third-party plaintiff, Airport Industrial Park, LLC (hereinafter AIP), and subleased to the third-party defendant Young's Auto Collision and Glass, Inc. (hereinafter Young's). The plaintiff commenced this action against AIP to recover damages for personal injuries. AIP commenced a third-party action, inter alia, for common-law indemnification against Young's and others.
AIP moved, among other things, for summary judgment on the third-party cause of action for common-law indemnification asserted against Young's. The plaintiff cross-moved for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1). In an order dated October 24, 2018, the Supreme Court granted that branch of AIP's motion which was for summary judgment on the third-party cause of action for common-law indemnification asserted against Young's and denied the plaintiff's cross motion. The plaintiff appeals, and Young's separately appeals.
Labor Law § 240(1) "imposes on owners or general contractors and their agents a nondelegable duty, and absolute liability for injuries proximately caused by the failure to provide appropriate safety devices to workers who are subject to elevation-related risks" (Saint v Syracuse Supply Co., 25 NY3d 117, 124). To prevail on a cause of action under Labor Law § 240(1), a plaintiff must establish, among other things, that he or she was injured during the "erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure" (Labor Law § 240[1]; see Ferrigno v Jaghab, Jaghab & Jaghab, P.C., 152 AD3d 650, 652-653; Moreira v Ponzo, 131 AD3d 1025, 1026). In determining whether a particular activity constitutes "repairing," courts are careful to distinguish between repairs and routine maintenance, the latter falling outside the scope of section 240(1) (see Esposito v New York City Indus. Dev. Agency, 1 NY3d 526, 528; Joblon v Solow, 91 NY2d 457, 465; Smith v Shell Oil Co., 85 NY2d 1000, 1002; Ferrigno v Jaghab, Jaghab & Jaghab, P.C., 152 AD3d at 652-653). Generally, courts have held that work constitutes routine maintenance where the work involves "replacing components that require replacement in the course of normal wear and tear" (Esposito v New York City Indus. Dev. Agency, 1 NY3d at 528; see Stockton v H & E Biffer Enters. No. 2, LLC, 196 AD3d 709, 710).
Here, the Supreme Court properly denied the plaintiff's cross motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1). The plaintiff failed to eliminate triable issues of fact, inter alia, as to whether, at the time of the subject accident, he was engaged in the enumerated activity of "repairing" which is protected under Labor Law § 240(1), or whether he was engaged in routine maintenance (see Ortega v 669 Meeker Ave., LLC, 191 AD3d 686, 690; Wass v County of Nassau, 173 AD3d 933, 934; Ferrigno v Jaghab, Jaghab & Jaghab, P.C., 152 AD3d at 650). Since the plaintiff failed to meet his initial burden as the movant, it is unnecessary to consider the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
However, the Supreme Court should have denied that branch of AIP's motion which was for summary judgment on the third-party cause of action for common-law indemnification asserted against Young's. In support of that branch of its motion, AIP failed to establish, prima facie, that Young's either was negligent or actually supervised and/or directed the work that gave rise to the plaintiff's alleged injuries (see McCarthy v Turner Constr. Inc., 17 NY3d 369, 378; McDonnell v Sandaro Realty, Inc., 165 AD3d 1090, 1097-1098; Perri v Gilbert Johnson Enters., Ltd., 14 AD3d 681, 684-685). Since AIP failed to meet its initial burden as the movant, it is unnecessary to consider the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d at 853).
BRATHWAITE NELSON, J.P., RIVERA, FORD and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court