Chapa v Bayles Props., Inc. (2023 NY Slip Op 06025)

Chapa v Bayles Props., Inc.

2023 NY Slip Op 06025

Decided on November 22, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 22, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
VALERIE BRATHWAITE NELSON
CHERYL E. CHAMBERS
BARRY E. WARHIT, JJ.

2021-04514
 (Index No. 606717/14)

[*1]Andres Javier Lazo Chapa, plaintiff,
v
Bayles Properties, Inc., et al., respondents, CS Stucco & Plaster, appellant, et al., defendants. 

Oleske & Oleske, LLP, Goshen, NY (Jerald F. Oleske of counsel), for appellant.
Traub Lieberman, Hawthorne, NY (Timothy G. McNamara of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant CS Stucco & Plaster appeals from an order of the Supreme Court, Nassau County (Helen Voutsinas, J.), entered April 21, 2021. The order, insofar as appealed from, granted those branches of the motion of the defendants Bayles Properties, Inc., and Ressa Management, LLC, which were for summary judgment on their cross-claims against the defendant CS Stucco & Plaster for contractual and common-law indemnification.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting that branch of the motion of the defendants Bayles Properties, Inc., and Ressa Management, LLC, which was for summary judgment on their cross-claims against the defendant CS Stucco & Plaster for common-law indemnification, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
The plaintiff commenced this personal injury action against various defendants, including Bayles Properties, Inc. (hereinafter Bayles), Ressa Management, LLC (hereinafter Ressa), and CS Stucco & Plaster (hereinafter CS Stucco), asserting, inter alia, a cause of action alleging a violation of Labor Law § 240(1) based on injuries the plaintiff allegedly sustained when he fell off a ladder while working at a job site owned by Bayles. In their answers, Bayles and Ressa asserted cross-claims against CS Stucco for contractual and common-law indemnification.
The plaintiff moved, inter alia, for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) against Bayles. In an order entered September 20, 2017, which this Court affirmed insofar as appealed from by Bayles, the Supreme Court granted that branch of the plaintiff's motion (see Chapa v Bayles Props., Inc., 179 AD3d 886).
Bayles and Ressa moved, inter alia, for summary judgment on their cross-claims against CS Stucco for contractual and common-law indemnification. By order entered April 21, [*2]2021, the Supreme Court, among other things, granted those branches of the motion. CS Stucco appeals.
The Supreme Court should have denied that branch of the motion of Bayles and Ressa which was for summary judgment on their cross-claims against CS Stucco for common-law indemnification. "The principle of common-law, or implied, indemnification permits one who has been compelled to pay for the wrong of another to recover from the wrongdoer the damages it paid to the injured party" (Curreri v Heritage Prop. Inv. Trust, Inc., 48 AD3d 505, 507; see McCarthy v Turner Constr., Inc., 17 NY3d 369, 375). Evidence of a party's authority to supervise or direct work, without more, is insufficient to impose liability upon that party under a theory of common-law indemnification (see McCarthy v Turner Constr., Inc., 17 NY3d at 378). Here, in support of their motion, Bayles and Ressa failed to eliminate triable issues of fact as to whether CS Stucco either was negligent or actually directed or supervised the work that gave rise to the plaintiff's injuries (see id.; Aponte v Airport Indus. Park, LLC, 202 AD3d 895, 897-898; see also Debennedetto v Chetrit, 190 AD3d 933, 938; Rizo v 165 Eileen Way, LLC, 169 AD3d 943, 947). Since Bayles and Ressa failed to meet their initial burden as the movants, it is unnecessary to consider the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853; Aponte v Airport Indus. Park, LLC, 202 AD3d at 898).
The Supreme Court properly granted that branch of the motion of Bayles and Ressa which was for summary judgment on their cross-claims against CS Stucco for contractual indemnification. The right to contractual indemnification "depends upon the specific language of the contract," and "[t]he promise to indemnify should not be found unless it can be clearly implied from the language and purpose of the entire agreement and the surrounding circumstances" (Skerrett v LIC Site B2 Owner, LLC, 199 AD3d 956, 959). Here, although the hold harmless agreement at issue was executed after the date of the plaintiff's accident, Bayles and Ressa demonstrated, prima facie, that the parties intended the agreement to apply retroactively to include the entire duration of the subject project (see Cinquemani v Old Slip Assoc., LP, 77 AD3d 603, 603-604; see also Tanksley v LCO Bldg. LLC, 196 AD3d 1037, 1037-1038; Pena v Chateau Woodmere Corp., 304 AD2d 442, 443). Moreover, contrary to CS Stucco's contention, Bayles and Ressa demonstrated that they were free from active negligence in connection with the plaintiff's injuries (see Mohan v Atlantic Ct., LLC, 134 AD3d 1075, 1078; Reisman v Bay Shore Union Free School Dist., 74 AD3d 772, 774). In opposition, CS Stucco failed to raise a triable issue of fact.
DUFFY, J.P., BRATHWAITE NELSON, CHAMBERS and WARHIT, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court