Rosario v Horizon Networks, Inc. (2025 NY Slip Op 04031)

Rosario v Horizon Networks, Inc.

2025 NY Slip Op 04031

Decided on July 2, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 2, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ANGELA G. IANNACCI
BARRY E. WARHIT
LAURENCE L. LOVE, JJ.

2021-00020
 (Index No. 614493/18)

[*1]Jose L. Rosario, et al., appellants-respondents, 
v
Horizon Networks, Inc., et al., respondents-appellants, Paragon Technology Group, Inc., respondent.

Ginarte Gallardo Gonzalez & Winograd LLP, New York, NY (Joel M. Celso of counsel), for appellants-respondents.
Armienti, DeBellis & Rhoden, LLP, Mineola, NY (Vanessa M. Corchia of counsel), for respondents-appellants.
Marshall Dennehy Warner Coleman & Goggin, P.C., Melville, NY (James M. Boyce of counsel), for respondent.

DECISION & ORDER
In a consolidated action to recover damages for personal injuries, etc., the plaintiffs appeal, and the defendants Horizon Networks, Inc., and Cara Mia Restaurant, Inc., cross-appeal, from an order of the Supreme Court, Nassau County (Denise L. Sher, J.), entered December 28, 2020. The order, insofar as appealed from, denied that branch of the plaintiffs' motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) and granted that branch of the cross-motion of the defendants Horizon Networks, Inc., and Cara Mia Restaurant, Inc., which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 241(6) insofar as asserted against them. The order, insofar as cross-appealed from, denied that branch of the cross-motion of the defendants Horizon Networks, Inc., and Cara Mia Restaurant, Inc., which was for summary judgment on their cross-claim for common-law indemnification against the defendant Paragon Technology Group, Inc.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting that branch of the cross-motion of the defendants Horizon Networks, Inc., and Cara Mia Restaurant, Inc., which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 241(6) insofar as asserted against them, and substituting therefor a provision denying that branch of the cross-motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, with one bill of costs to the defendant Paragon Technology Group, Inc., payable by the plaintiffs and the defendants Horizon Networks, Inc., and Cara Mia Restaurant, Inc.
The plaintiff Jose L. Rosario (hereinafter the injured plaintiff) allegedly was injured when he fell from an unsecured A-frame ladder while installing security cameras on the exterior facade of certain premises owned by the defendant Horizon Networks, Inc., and leased by the defendant Cara Mia Restaurant, Inc. (hereinafter Cara Mia, and together with Horizon Networks, Inc., the Horizon defendants). The injured plaintiff was hired to perform the installation by the [*2]defendant Paragon Technology Group, Inc. (hereinafter Paragon), an information technology services company from which Cara Mia purchased the security cameras.
The injured plaintiff, and his wife suing derivatively, commenced separate actions, inter alia, to recover damages for personal injuries against the Horizon defendants and Paragon, respectively, which were later consolidated, alleging, among other things, violations of Labor Law §§ 240(1) and 241(6). Following discovery, the plaintiffs moved, inter alia, for summary judgment on the issue of liability on the causes of action alleging violations of Labor Law §§ 240(1) and 241(6). The Horizon defendants cross-moved, among other things, for summary judgment dismissing the cause of action alleging a violation of Labor Law § 241(6) insofar as asserted against them or, in the alternative, for summary judgment on their cross-claim for common-law indemnification against Paragon. In an order entered December 28, 2020, the Supreme Court, inter alia, denied that branch of the plaintiffs' motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1), granted that branch of the Horizon defendants' cross-motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 241(6) insofar as asserted against them, and denied that branch of the Horizon defendants' cross-motion which was for summary judgment on their cross-claim for common-law indemnification against Paragon. The plaintiffs appeal, and the Horizon defendants cross-appeal.
"Labor Law § 240(1) 'imposes on owners or general contractors and their agents a nondelegable duty, and absolute liability for injuries proximately caused by the failure to provide appropriate safety devices to workers who are subject to elevation related risks'" (Paiba v 56-11 94th St. Co., LLC, 228 AD3d 881, 882, quoting Saint v Syracuse Supply Co., 25 NY3d 117, 124; see Labor Law 240[1]; Valentin v Stathakos, 228 AD3d 985, 989). To establish a violation under Labor Law § 240(1) arising from a fall from a ladder, "'[t]here must be evidence that the ladder was defective or inadequately secured and that the defect, or the failure to secure the ladder, was a substantial factor in causing the plaintiff's injuries'" (Cioffi v Target Corp., 188 AD3d 788, 790, quoting Hugo v Sarantakos, 108 AD3d 774, 745). "Where, for instance, the plaintiff falls from a ladder because the plaintiff lost his or her balance, and there is no evidence that the ladder was defective or inadequate, liability pursuant to Labor Law § 240(1) does not attach. By contrast, where a ladder slides, shifts, tips over, or otherwise collapses for no apparent reason, the plaintiff has established a violation" (id. at 791 [citation omitted]).
Here, the plaintiffs' submissions in support of their motion for summary judgment failed to eliminate triable issues of fact as to whether the injured plaintiff slipped or slid down the ladder or whether the ladder collapsed (see Joseph v 210 W. 18th, LLC, 189 AD3d 1384, 1385; Yao Zong Wu v Zhen Jia Yang, 161 AD3d 813, 814). Accordingly, the Supreme Court properly denied that branch of the plaintiffs' motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1), without regard to the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853). However, we decline the defendants' requests to search the record and award them summary judgment dismissing that cause of action insofar as asserted against each of them, as there are triable issues of fact, inter alia, as to how the accident occurred and whether the injured plaintiff's own acts or omissions were the sole proximate cause of his injuries.
"'Labor Law § 241(6) imposes a nondelegable duty of reasonable care upon owners and contractors to provide reasonable and adequate protection and safety to persons employed in, or lawfully frequenting, all areas in which construction, excavation or demolition work is being performed'" (Ochoa v JEM Real Estate Co., LLC, 223 AD3d 747, 749, quoting Lopez v New York City Dept. of Envtl. Protection, 123 AD3d 982, 983). "To sustain a cause of action pursuant to Labor Law § 241(6), a plaintiff must demonstrate that his or her injuries were proximately caused by a violation of an Industrial Code regulation that is applicable to the circumstances of the accident" (id. at 749; Doran v JP Walsh Realty Group, LLC, 189 AD3d 1363, 1364).
Here, the cited provision of the Industrial Code, 12 NYCRR § 23-1.21(e)(3), which requires that a stepladder be secured while work is being performed from a step of the stepladder 10 [*3]feet or more above the footing, was sufficiently specific to support a cause of action alleging a violation of Labor Law § 241(6) (see Ochoa v JEM Real Estate Co., LLC, 223 AD3d at 749; McNamara v Gusmar Enterprises, LLC, 204 AD3d 779). Further, there were triable issues of fact as to whether there was a violation of 12 NYCRR § 23-1.21(e)(3), whether such a violation was a proximate cause of the accident, and whether the injured plaintiff's actions or omissions, including his placement of the ladder, were the sole proximate cause of the accident (see Ochoa v JEM Real Estate Co., LLC, 223 AD3d at 749). Accordingly, the Supreme Court should have denied that branch of the Horizon defendants' cross-motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 241(6) insofar as asserted against them. As there are triable issues of fact, we decline Paragon's request to search the record and award it summary judgment dismissing that cause of action insofar as asserted against it.
However, the Supreme Court properly denied that branch of the Horizon defendants' cross-motion which was for summary judgment on their cross-claim for common-law indemnification against Paragon. "The principle of common-law, or implied, indemnification permits one who has been compelled to pay for the wrong of another to recover from the wrongdoer the damages it paid to the injured party" (Debennedetto v Chetrit, 190 AD3d 933, 933 [internal quotation marks omitted]; see Chapa v Bayles Props., Inc., 221 AD3d 855, 857). "Liability for indemnification may only be imposed against those parties (i.e., indemnitors) who exercise actual supervision" (McCarthy v Turner Constr., Inc., 17 NY3d 369, 378; see Debennedetto v Chetrit, 190 AD3d at 933). Thus, "[e]vidence of a party's authority to supervise or direct work, without more, is insufficient to impose liability upon that party under a theory of common-law indemnification" (Chapa v Bayles Props., Inc., 221 AD3d at 857). Here, in support of their cross-motion, the Horizon defendants failed to eliminate triable issues of fact as to whether Paragon directed, supervised, or controlled the work that gave rise to the injured plaintiff's alleged injuries (see id. at 857; Aponte v Airport Indus. Park, LLC, 202 AD3d 895, 898). As the Horizon defendants failed to meet their initial burden as the movants, the court properly denied that branch of their cross-motion which was for summary judgment on their cross-claim for common-law indemnification against Paragon, without regard to the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d at 853; Chapa v Bayles Properties, Inc., 221 AD3d at 857).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
CONNOLLY, J.P., IANNACCI, WARHIT and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court