OPINION OF THE COURT
Pigott, J.
Plaintiff Raul Barreto, an asbestos handler employed by asbestos removal contractor P.A.L. Environmental Safety Corp. (PAL), allegedly sustained on-the-job injuries after falling through an uncovered manhole in Manhattan at a location owned by the City of New York (City), which had been leased by the City to the New York City Transit Authority (NYCTA). NYCTA, on behalf of the Metropolitan Transportation Authority (MTA), retained PAL to perform asbestos removal from electrical cables underneath city streets. PAL directly contracted with IMS Safety Inc. to serve as site safety consultant.
Prior to the commencement of the work, PAL employees constructed a three-sided wooden containment enclosure around the manhole. Plastic sheets were placed on the ceiling *431 and the floor of the enclosure. The plastic sheet on the ceiling was stapled and glued to two two-by-fours, forming an “X” over, and framing, the enclosure. Two sets of double plastic sheets were hung in the open side of the enclosure approximately four feet apart. A circle was cut out of the plastic floor to account for the three-to-four-foot in diameter manhole. Two lights illuminated the enclosure.
Before the manhole cover was removed, an MTA foreman conducted an inspection to ensure that the electrical cables were not live. Due to the weight of the manhole cover, two PAL workers were required to remove the cover and place it outside the enclosure. IMS thereafter checked the underground air quality inside the open manhole and apprised PAL workers that it was safe to begin work. PAL workers descended approximately 10 feet by way of a ladder and began the asbestos removal work. At the conclusion of their shift, plaintiff and his coworkers were required to bring up the asbestos-filled bags, remove their protective equipment and the ladder, and replace the manhole cover before disassembling the containment enclosure.
PAL workers, including plaintiff, finished their shift at approximately 4:00 a.m. on the day of the accident. After plaintiff and his coworkers exited the manhole, they proceeded to break down the containment area “right away.” Plaintiff did not notice that the manhole remained uncovered, and, during the breakdown, the manhole cover remained outside the enclosure. According to plaintiff, the lights inside the enclosure had been turned off. As plaintiff walked toward the rear of the enclosure to disassemble the two-by-fours from the ceiling, he fell into the open manhole.
L
Plaintiff commenced this action against defendants IMS, City, NYCTA and MTA alleging violations of Labor Law §§ 200, 240 (1) and 241 (6) and common-law negligence. At the conclusion of discovery, all defendants moved for summary judgment to dismiss plaintiff’s complaint and any relevant cross claims asserted against them. Plaintiff cross-moved for partial summary judgment against all defendants on his section 240 (1) and 241 (6) claims, and for partial summary judgment against *432 IMS, NYCTA and MTA on his common-law negligence and section 200 claims.*
Supreme Court dismissed plaintiff’s complaint against all defendants on the ground that plaintiff was the sole proximate cause of his injuries because he disregarded his supervisor’s instructions by dismantling the containment enclosure before the manhole cover was replaced (2012 NY Slip Op 30858 [U] [Sup Ct, NY County 2012]). The court reasoned that had plaintiff waited for the manhole to be covered before commencing the deconstruction of the enclosure, he would not have fallen through the open manhole.
A divided Appellate Division affirmed, holding, as an initial matter, that IMS was not a statutory agent subject to liability under any of plaintiff’s theories because it lacked the authority to supervise plaintiff or his work (110 AD3d 630, 632 [1st Dept 2013]). The Court also dismissed plaintiff’s section 240 (1) claims against the remaining defendants, noting that plaintiff was provided with a “nearby and readily available” safety device, i.e., the manhole cover, and plaintiff’s own actions were the sole proximate cause of his injuries because he disregarded his supervisor’s instruction to replace the manhole cover before dismantling the containment enclosure (id.). It also dismissed the section 241 (6) claims because, in its view, none of the alleged Industrial Code violations proximately caused the accident (id. at 633). The common-law negligence and section 200 claims against NYCTA and MTA were dismissed because they neither had notice of the defect nor supervised plaintiff’s work (id. at 632-633).
The dissenting Justice agreed with the majority that IMS was not a statutory agent, but would have reinstated plaintiff’s Labor Law § 240 (1) claims against the City (as owner) and NYCTA and MTA because plaintiff was not the sole proximate cause of his injuries in light of the record evidence that it took at least two workers to move the manhole cover and because the lights may have been turned off before the deconstruction work had begun (id. at 634 [Feinman, J., dissenting in part]).
The Appellate Division certified to this Court the question whether its order affirming the order of Supreme Court was properly made (2014 NY Slip Op 63475[U] [1st Dept 2014]).
*433 IL
Plaintiff is entitled to partial summary judgment against the City, NYCTA and MTA on his Labor Law § 240 (1) claims. Section 240 (1) provides, in relevant part:
“All contractors and owners and their agents . . . in the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure shall furnish or erect, or cause to be furnished or erected for the performance of such labor, [certain enumerated] and other devices which shall be so constructed, placed and operated as to give proper protection to a person so employed.”
The statute imposes upon owners, contractors and their agents a nondelegable duty that renders them liable regardless of whether they supervise or control the work (see Cahill v Triborough Bridge & Tunnel Auth., 4 NY3d 35, 39 [2004]). “[W]here an accident is caused by a violation of the statute, the plaintiff’s own negligence does not furnish a defense”; however, “where a plaintiff’s own actions are the sole proximate cause of the accident, there can be no liability” (id.). Thus, in order to recover under section 240 (1), the plaintiff must establish that the statute was violated and that such violation was a proximate cause of his injury (see Zimmer v Chemung County Performing Arts, 65 NY2d 513, 524 [1985]).
The City, NYCTA and MTA do not contend on this appeal that the work plaintiff was engaged in at the time of the accident did not involve an elevation-related hazard, nor did IMS initially move for summary judgment on that ground. Therefore, we assume, for purposes of this appeal only, that plaintiff was engaged in work that posed an elevation-related risk.
On his motion for summary judgment, plaintiff met his burden of establishing the absence of an adequate safety device through the submission of the deposition testimony of IMS’s president, Joseph Mazzurco, who testified that there should have been a guardrail system around three sides of the open manhole while the containment enclosure was being dismantled. Plaintiff also established that the absence of guardrails was a proximate cause of the accident because had they been in place he would not have fallen.
The Appellate Division erred in holding that plaintiff’s conduct was the sole proximate cause of his injuries in light of the undisputed fact that it took at least two PAL workers to *434 move the manhole cover (given its weight), and plaintiff’s testimony that the lights had been turned off prior to disassembly of the containment enclosure. Therefore, plaintiff’s conduct could not have been the sole proximate cause of his injuries, and plaintiff is entitled to partial summary judgment against the City, NYCTA and MTA on his section 240 (1) claims.
Supreme Court and the Appellate Division, having erroneously concluded that plaintiff was the sole proximate cause of his injuries, did not reach the merits of plaintiff’s Labor Law § 241 (6) claims against the City, NYCTA and MTA. Therefore, plaintiff’s section 241 (6) claims should be reinstated, and we remit the matter to Supreme Court so it may consider the summary judgment motions that were brought relative to those claims.
m.
The Appellate Division also erred in holding that IMS was not a “statutory agent” as a matter of law. Given Mazzurco’s testimony that it was part of IMS’s responsibility to ensure that a guardrail system was in place and the manhole cover was replaced once the system was removed, there is a question of fact concerning whether IMS was a “statutory agent” subject to liability under Labor Law § 240 (1) (see Walls v Turner Constr. Co., 4 NY3d 861, 863-864 [2005]; Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d 280, 292-293 [2003] [no agency liability under section 240 (1) where responsibility for the activity that surrounded the injury was not delegated to a third party]). Moreover, MTA and NYCTA submitted the affidavit of a PAL supervisor who averred that one of IMS’s duties at the site was to ensure that the manhole was covered before PAL workers disassembled the containment enclosure, and that IMS had the authority to stop plaintiff from working in the area near the missing manhole cover. On this record, a jury could reasonably find that IMS “had the ability to control the activity which brought about the injury” (Walls, 4 NY3d at 863-864, citing Russin v Louis N. Picciano & Son, 54 NY2d 311, 317-318 [1981]).
For a similar reason, plaintiff’s common-law negligence and Labor Law §§ 200 and 241 (6) claims should be reinstated against IMS, as plaintiff raised triable issues of fact as to whether IMS, as a potential statutory agent, had the authority to supervise that portion of the work that brought about plaintiff’s injury (see Rizzuto v L.A. Wenger Contr. Co., 91 NY2d *435 343, 353 [1998] [common-law negligence and Labor Law § 200 claims]; Harris v Hueber-Breuer Constr. Co., Inc., 67 AD3d 1351, 1353 [2009] [Labor Law § 241 (6) claim]).
IV.
Finally, NYCTA and MTA met their respective burdens of establishing that they did not supervise or control plaintiffs work, or that neither of them had notice of the alleged dangerous condition or defect (see Comes v New York State Elec. & Gas Corp., 82 NY2d 876, 877-878 [1993]). Plaintiff failed to raise a triable issue of fact in that regard. Therefore, the Appellate Division properly dismissed plaintiffs common-law negligence and section 200 claims brought against NYCTA and MTA.
Accordingly, the order of the Appellate Division should be modified, with costs to plaintiff Raul Barreto, in accordance with this opinion and, as so modified, affirmed, and the certified question not answered as unnecessary.

 Plaintiff discontinued his common-law negligence and section 200 claims against the City.