Cioffi v Target Corp. (2020 NY Slip Op 06487)





Cioffi v Target Corp.


2020 NY Slip Op 06487


Decided on November 12, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 12, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX, JJ.


2019-04220 
2019-08082
 (Index No. 674/06)

[*1]Peter Cioffi, et al., appellants,
v
Target Corporation, et al., respondents.


Rubin & Licatesi, P.C. (Sullivan Papain Block McGrath & Cannavo, P.C., New York, NY [Brian J. Shoot and Jennifer M. Spina-Ahfeld], of counsel), for appellants.
Lewis Johs Avallone Aviles, LLP, Islandia, NY (John B. Saville of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiffs appeal from (1) an order of the Supreme Court, Suffolk County (Joseph A. Santorelli, J.), dated February 19, 2019, and (2) a judgment of the same court entered March 27, 2019. The order granted that branch of the defendants' motion which was pursuant to CPLR 4404(a) to set aside a jury verdict in favor of the plaintiffs on the issue of liability and for judgment as a matter of law dismissing the complaint. The judgment, upon the order, is in favor of the defendants and against the plaintiffs dismissing the complaint.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the judgment is reversed, on the law, that branch of the defendants' motion which was pursuant to CPLR 4404(a) to set aside the jury verdict in favor of the plaintiffs on the issue of liability and for judgment as a matter of law dismissing the complaint is denied, the jury verdict is reinstated, and the order is modified accordingly; and it is further,
ORDERED that one bill of costs is awarded to the plaintiffs.
The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]).
On July 10, 2005, the plaintiff Peter Cioffi (hereinafter the plaintiff), an employee of nonparty Communication Technology Services (hereinafter CTS), was performing work at a Target store in Nassau County as part of a larger renovation project. The plaintiff was using a scissor lift to install a new paging system inside a stockroom. After he completed his work, he removed the scissor lift from the stockroom. However, he realized that he had left his tool pouch hanging from a pipe in the stockroom and went to retrieve it, using a ladder inside the stockroom that did not belong to CTS. The plaintiff testified that he decided to use that ladder, rather than the scissor lift, because the scissor lift was unwieldy to move, and he had already damaged the stockroom door with [*2]the unwieldy lift. In addition, it would have taken him longer to maneuver the lift in and out of the stockroom. The plaintiff also chose not to retrieve a ladder owned by CTS from a storage container located outside the store, since the store was closed at the time and the plaintiff would have had to find someone to let him out of the store in order to reach the storage container. While the plaintiff was using the ladder inside the stockroom, it "kicked out" from under him, causing him to fall to the floor.
The plaintiff and his wife, suing derivatively, then commenced this action against Target Corporation and Target Stores, Inc., Westbury Holding Company, which owned the premises, and various other entities involved in the renovation project, alleging, inter alia, a violation of Labor Law § 240(1). On a prior appeal from an order in this action entered April 16, 2012, which had disposed of the parties' various motions for summary judgment, this Court found, in relevant part, that there were triable issues of fact as to whether the plaintiff was the sole proximate cause of his injuries, and whether he was a recalcitrant worker (see Cioffi v Target Corp., 114 AD3d 897, 899). The Supreme Court then conducted a jury trial on the issue of liability under Labor Law § 240(1). The jury returned a verdict finding that the defendants breached their statutory duty under Labor Law § 240(1) by not furnishing the plaintiff with the necessary safety equipment, that the breach was a substantial factor in causing the plaintiff's injuries, that the plaintiff was not the sole proximate cause of the accident, and that the plaintiff was not a recalcitrant worker.
After the jury returned its verdict, the defendants moved, inter alia, pursuant to CPLR 4404(a) to set aside the verdict and for judgment as a matter of law dismissing the complaint. By order dated February 19, 2019, the Supreme Court granted that branch of the defendants' motion, and a judgment was subsequently entered in favor of the defendants and against the plaintiffs, dismissing the complaint. The plaintiffs appeal.
A motion pursuant to CPLR 4404(a) to set aside a jury verdict and for judgment as a matter of law will be granted where there is no valid line of reasoning and permissible inferences which could possibly lead rational persons to the conclusions reached by the jury on the basis of the evidence presented at trial (see Glynn v Altobelli, 181 AD3d 567, 569). In considering such a motion, the plaintiff's evidence must be accepted as true, and the plaintiff is entitled to every favorable inference that can reasonably be drawn from the evidence presented at trial (see id. at 569; Christ v Law Offs. of William F. Levine & Michael B. Grossman, 72 AD3d 721, 723).
In order to establish liability under Labor Law § 240(1), there must be a violation of the statute, and the violation must be a proximate cause of the plaintiff's injury (see Cahill v Triborough Bridge & Tunnel Auth., 4 NY3d 35, 39; Hugo v Sarantakos, 108 AD3d 744, 745). "[A]n accident alone does not establish a Labor Law § 240(1) violation or causation" (Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d 280, 289). Where an accident is caused by a violation of Labor Law § 240(1), the plaintiff's own negligence does not furnish a defense; however, there can be no liability under Labor Law § 240(1) where the plaintiff's own actions are the sole proximate cause of the accident (see Barreto v Metropolitan Transp. Auth., 25 NY3d 426, 433; Cahill v Triborough Bridge & Tunnel Auth., 4 NY3d at 39; Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d at 290). A plaintiff is the sole proximate cause of his or her own injuries and a defendant has no liability under Labor Law § 240(1) when the plaintiff: (1) had adequate safety devices available, (2) knew both that the safety devices were available and that he or she was expected to use them, (3) chose for no good reason not to do so, and (4) would not have been injured had he or she not made that choice (see Biaca-Neto v Bos. Rd. II Hous. Dev. Fund Corp., 34 NY3d 1166).
As a threshold matter, the defendants' contention that the plaintiffs failed to establish a prima facie violation of Labor Law § 240(1) is without merit. To establish a violation under Labor Law § 240(1), "[t]here must be evidence that the ladder was defective or inadequately secured and that the defect, or the failure to secure the ladder, was a substantial factor in causing the plaintiff's injuries" (Hugo v Sarantakos, 108 AD3d at 745). Where, for instance, the plaintiff falls from a ladder because the plaintiff lost his or her balance, and there is no evidence that the ladder was defective or inadequate, liability pursuant to Labor Law § 240(1) does not attach (see id.). By [*3]contrast, where a ladder slides, shifts, tips over, or otherwise collapses for no apparent reason, the plaintiff has established a violation (see Salinas v 64 Jefferson Apts., LLC, 170 AD3d 1216, 1222; Cabrera v Arrow Steel Window Corp., 163 AD3d 758, 759-760; Ricciardi v Bernard Janowitz Constr. Corp., 49 AD3d 624, 625). Here, the plaintiffs established a prima facie violation with the plaintiff's testimony that the ladder he was using "kicked out" from under him, causing him to fall to the floor.
Furthermore, we disagree with the Supreme Court's determination to set aside the jury verdict and direct judgment as a matter of law on the ground that the plaintiff was the sole proximate cause of the accident. At the trial, the parties presented conflicting evidence as to whether adequate safety devices—namely, the CTS ladders and/or the scissor lift—were available, whether the plaintiff knew that he was expected to use those devices, and, if so, whether he had a good reason for choosing instead to use the non-CTS ladder (see Biaca-Neto v Boston Rd. II Hous. Dev. Fund Corp., 34 NY3d at 1167-1168; Valente v Lend Lease [US] Constr. LMB, Inc., 29 NY3d 1104, 1105). A jury may believe or disbelieve the testimony of a witness, and is free to accept or reject some or all of the parties' testimony and weigh any conflicting inferences (see Agostino v L & M Bus Co., 162 AD3d 727, 728). Here, construing the trial evidence in the light most favorable to the plaintiffs, there was a valid line of reasoning and permissible inferences which could have led a rational jury to conclude that the plaintiff was neither a recalcitrant worker nor the sole proximate cause of his injuries (see Luna v 4300 Crescent, LLC, 174 AD3d 881, 883).
Therefore, the judgment must be reversed, the jury verdict reinstated, and the order modified accordingly.
In light of our determination, we need not reach the plaintiffs' remaining contention.
RIVERA, J.P., CHAMBERS, COHEN and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court