Petersen v Forest City Ratner Cos., LLC (2022 NY Slip Op 02033)





Petersen v Forest City Ratner Cos., LLC


2022 NY Slip Op 02033


Decided on March 23, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
REINALDO E. RIVERA
PAUL WOOTEN
DEBORAH A. DOWLING, JJ.


2019-06973
 (Index No. 20679/12)

[*1]Scott Petersen, et al., appellants, 
v
Forest City Ratner Companies, LLC, et al., respondents, et al., defendants.


The Toner Law Group, PLLC, New York, NY (Stephen B. Toner, Josh H. Kardisch, and Sullivan Papain Block McGrath & Cannavo P.C. [Brian J. Shoot], of counsel), for appellants.
Fabiani Cohen & Hall, LLP, New York, NY (John V. Fabiani, Jr., and Seth H. Cohn of counsel), for respondents Forest City Ratner Companies, LLC, Express LLC, and FC Yonkers Associates, LLC.
Ahmuty, Demers & McManus, Albertson, NY (Glenn A. Kaminska and Nicholas M. Vevante of counsel), for defendant Drywall & Acoustics of Northeast, Inc.
Correia, King, Fodera, McGinnis & Liferiedge, New York, NY (Kevin J. McGinnis of counsel), for respondent Academy Glass, Inc.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Kings County (Wayne P. Saitta, J.), entered May 20, 2019. The judgment, upon an order of the same court dated February 25, 2019, inter alia, denying that branch of the plaintiffs' motion pursuant to CPLR 4404(a) which was to set aside a jury verdict on the issue of liability on the Labor Law § 240(1) cause of action and for judgment as a matter of law in their favor on that cause of action, is in favor of the defendants Academy Glass, Inc., Express, Inc., and FC Yonkers Associates, LLC, and against the plaintiffs dismissing the complaint insofar as asserted against those defendants.
ORDERED that the judgment is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.
The plaintiff Scott Petersen, employed as a job-site superintendent by the general contractor on a construction project, allegedly was injured when a temporary barricade fell over on top of him. Petersen, and his wife suing derivatively, commenced this action, inter alia, alleging a violation of Labor Law § 240 against, among others, the property owner, the property lessee, and Academy Glass, Inc. (hereinafter Academy), a subcontractor that had removed and replaced the bracing on the temporary barricade prior to the accident. The matter then proceeded to a jury trial against those defendants (hereinafter collectively the defendants), after which the jury found in favor of the defendants, concluding that Petersen's actions had been the sole proximate cause of his accident.
After the verdict was rendered, the plaintiffs moved pursuant to CPLR 4404(a), inter alia, to set aside the jury verdict on the issue of liability on the Labor Law § 240(1) cause of action and for judgment as a matter of law in their favor on that cause of action. In an order dated February [*2]25, 2019, the Supreme Court denied the motion, and judgment was subsequently entered on May 20, 2019, in favor of the defendants and against the plaintiffs dismissing the complaint insofar as asserted against them. The plaintiffs appeal.
For a court to conclude as a matter of law that a jury verdict is not supported by legally sufficient evidence, "[i]t is necessary to first conclude that there is simply no valid line of reasoning and permissible inferences which could possibly lead rational [persons] to the conclusion reached by the jury on the basis of the evidence presented at trial" (Cohen v Hallmark Cards, 45 NY2d 493, 499; Luna v 4300 Crescent, LLC, 174 AD3d 881, 882).
In order to recover damages for a violation of Labor Law § 240(1), a plaintiff must establish that the statute was violated and that such violation was a proximate cause of the injury (see Barreto v Metropolitan Transp. Auth., 25 NY3d 426, 433; Luna v 4300 Crescent, LLC, 174 AD3d at 883). Here, there was a valid line of reasoning and permissible inferences which could have led a rational jury to conclude that it was Petersen's own conduct in removing the bracing reinstalled by Academy, rather than any violation of Labor Law § 240(1), that was the sole proximate cause of his alleged injuries (see Luna v 4300 Crescent, LLC, 174 AD3d at 883; Melendez v 778 Park Ave. Bldg. Corp., 153 AD3d 700, 701).
Contrary to the plaintiffs' further contentions, they were not deprived of a fair trial due to the Supreme Court's evidentiary rulings and jury instructions (see Giannattasio v Han Suk Kang, 84 AD3d 728, 728-729).
Accordingly, we affirm the judgment.
IANNACCI, J.P., RIVERA, WOOTEN and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court