Paiba v 56-11 94th St. Co., LLC (2024 NY Slip Op 03437)

Paiba v 56-11 94th St. Co., LLC

2024 NY Slip Op 03437

Decided on June 20, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 20, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
JOSEPH J. MALTESE
LINDA CHRISTOPHER
CARL J. LANDICINO, JJ.

2023-00085
 (Index No. 704365/19)

[*1]Carlos Paiba, appellant, 
v
56-11 94th Street Company, LLC, et al., respondents.

William Schwitzer & Associates, P.C., New York, NY (Travis K. Wong of counsel), for appellant.
Perry, Van Etten, Rozanski & Kutner, LLP, New York, NY (Thomas F. Maher of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Mojgan C. Lancman, J.), entered January 4, 2023. The order, insofar as appealed from, denied that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1).
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) is granted.
On March 6, 2019, the plaintiff allegedly sustained injuries when he fell from a wooden A-frame ladder at a residential building owned and/or operated by the defendants. At the time of the accident, the plaintiff was repairing a large hole in the ceiling. The plaintiff thereafter commenced this personal injury action against the defendants, alleging, inter alia, a violation of Labor Law § 240(1). The plaintiff testified at his deposition that while he was standing on the ladder and sanding the ceiling, the ladder moved and fell, causing him to fall. The plaintiff moved, among other things, for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1). In an order entered January 4, 2023, the Supreme Court, inter alia, denied that branch of the plaintiff's motion. The plaintiff appeals.
Labor Law § 240(1) "imposes on owners or general contractors and their agents a nondelegable duty, and absolute liability for injuries proximately caused by the failure to provide appropriate safety devices to workers who are subject to elevation-related risks" (Saint v Syracuse Supply Co., 25 NY3d 117, 124). "To succeed on a cause of action under Labor Law § 240(1), a plaintiff must establish that the defendant violated its duty and that the violation proximately caused the plaintiff's injuries" (Roblero v Bais Ruchel High Sch., Inc., 175 AD3d 1446, 1447). "Where an accident is caused by a violation of Labor Law § 240(1), the plaintiff's own negligence does not furnish a defense; however, there can be no liability under Labor Law § 240(1) where the plaintiff's own actions are the sole proximate cause of the accident" (Cioffi v Target Corp., 188 AD3d 788, 790-791; see Barreto v Metropolitan Transp. Auth., 25 NY3d 426, 433).
Here, the plaintiff demonstrated his prima facie entitlement to judgment as a matter of law on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1). The plaintiff's deposition testimony established that the unsecured ladder moved and fell, causing him to fall (see Cioffi v Target Corp., 188 AD3d at 791; Salinas v 64 Jefferson Apts., LLC, 170 AD3d 1216, 1222; Casasola v State of New York, 129 AD3d 758, 759). In opposition, the defendants failed to raise a triable issue of fact as to whether the plaintiff's own acts or omissions were the sole proximate cause of his injuries (see Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d 280). Accordingly, the Supreme Court should have granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1).
BRATHWAITE NELSON, J.P., MALTESE, CHRISTOPHER and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court