Peralta v Mineola Metro LLC (2024 NY Slip Op 51291(U))

[*1]

Peralta v Mineola Metro LLC

2024 NY Slip Op 51291(U)

Decided on September 17, 2024

Supreme Court, Kings County

Maslow, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on September 17, 2024
Supreme Court, Kings County

Robinson Monegro Peralta, Plaintiff,

against
Mineola Metro LLC, ALLEN BLVD INTERIORS INC., LALEZARIAN DEVELOPERS INC., and LALEZARIAN PROPERTIES LLC, Defendants.
ALLEN BLVD INTERIORS INC., Third-Party Plaintiff,
against
WDC BUILDERS CORP and M & W DRYWALL, CORP. Third-Party Defendants.

Index No. 500144/2020

Aaron D. Maslow, J.

Papers were used on this motion — NYSCEF Document Numbers as follows:
Submitted by Plaintiff: 76-90, 99, 100
Submitted by Defendants: 94-95, 102
Upon the foregoing papers, having heard oral argument, and due deliberation having been had,[FN1]
the within motion is determined as follows.
Background
In the instant Labor Law action to recover for personal injuries sustained in the course of construction, Plaintiff Robinson Monegro Peralta ("Plaintiff") has interposed a partial summary judgment motion as to liability under Labor Law § 240 (1) against Defendants Mineola Metro LLC, Allen Blvd Interiors Inc., Lalezarian Developers Inc. and Lalezarian Properties LLC (see NYSCEF Doc No. 76, notice of motion).
Subsequently, Plaintiff conceded that he did not demonstrate that Defendants Lalezarian Developers Inc. and Lalezarian Properties LLC are proper Labor Law Defendants (see NYSCEF Doc No. 100, proposed order). Accordingly, Plaintiff's motion for partial summary judgment as to liability shall be deemed to be interposed against only Defendants Mineola Metro LLC and Allen Blvd Interiors Inc. (collectively, "Mineola-Allen Defendants") and such motion shall be deemed to have been abandoned against Defendants Lalezarian Developers Inc. and Lalezarian Properties LLC (collectively, "Lalezarian Defendants").
This action stems from a workplace accident that allegedly occurred on November 13, 2019, at 199 2nd Street, Mineola, New York, where a new building was being constructed (see NYSCEF Doc No. 85, bill of particulars ¶¶ 5-6), as a result of which Plaintiff alleges to have sustained injuries (see id. ¶¶ 16-17).
Defendant Mineola Metro LLC was the owner of the property where the occurrence arose (see NYSCEF Doc No. 81, complaint ¶ 8), and it entered into a contract with Defendant Allen Blvd Interiors Inc. to perform work there (see NYSCEF Doc Nos. 78, statement of material facts ¶ 2; 95, counterstatement of material facts ¶ 2).
Before the November 13, 2019 occurrence, Defendant Allen Blvd Interiors Inc. entered into a subcontract with Third-Party Defendant WDC Builders Corp to erect sheetrock on the premises (see NYSCEF Doc Nos. 78, statement of material facts ¶ 3). At the time of the November 13, 2019 occurrence, Plaintiff was employed by Third-Party Defendant WDC Builders Corp as a laborer installing sheetrock at the premises at issue herein (see id. ¶ 4).
Plaintiff's Allegations
Plaintiff asserts that on the date of the November 13, 2019 occurrence, he was directed by Segundo Peru, a co-worker, to install sheetrock onto the ceiling, which was approximately 12 feet above ground (see id. ¶ 5). To perform the work in question, Segundo Peru placed an unsecured A-frame ladder, approximately six to eight feet tall, atop a stack of sheetrock, approximately two and a half to three feet tall (see id.).
Plaintiff alleges that he climbed up the ladder to install a sheet of sheetrock on the ceiling when the ladder fell, causing Plaintiff to fall to the floor below and leading to his injuries (see id. ¶ 6). 
In short, Plaintiff alleges that his supervisor, through his co-worker Segundo Peru, directed him to install sheetrock by using an A-frame ladder, which was positioned on a stack of sheetrock, and, while using the ladder, it fell, causing Plaintiff to fall to the floor (see NYSCEF Doc No. 87, plaintiff EBT tr at 142-144).
Specifically, Plaintiff testified as follows during his examination before trial as to the positioning of the ladder at the time of the occurrence:
Q: With respect to your ladder, just bear with me here. There are four legs on this ladder; correct?
A: Yes.
***
Q: When you climbed up the ladder immediately before your accident, were the legs of the ladder positioned with the front of the ladder closest to the sheetrock pile, or with the back of the ladder positioned closest to the sheetrock pile, or was our ladder perpendicular to the sheetrock pile?
A: Yes. Yes. It was on top of the pile of the stack of the boards. The co-worker placed it on top of the stack boards.
Q: Are you telling me that the ladder was actually placed on top of the stack of sheetrock?
A: Yes, sir.
Q: So the sheetrock was not necessarily full length between you and your coworker, you were on top of the pile of sheetrock; is that correct?
A: The ladder?
Q: Yes. That's my question.
A: My ladder, yes. Not his, but I thought that I was going to climb up in [sic] the one that he was using. But no, he indicated to me that I had to climb there.
Q: So you had to climb up onto the pile of sheetrock before climbing the ladder; is that accurate?
A: Yes. He gave me the order to climb up.
(NYSCEF Doc No. 87, plaintiff EBT tr. at 143-145.)
During his examination before trial, Plaintiff described as follows the cause of his fall, while providing particulars as to his actions in the moments preceding the fall, which testimony is critical in that it fuels both parties' respective arguments as to propriety of summary judgment:
Q: Mr. Peralta, just to make things clearer. So at the time of your accident, your ladder was set up on top of a pile of sheetrock; correct?
A: Yes, sir. Yes, sir.
Q: Did you ever tell your coworker that you had any concerns about the ladder being set up on the stack of sheetrock?
A: No.
Q: I believe earlier you told me that right before your accident, you said the ladder shook; is that correct?
A: At the — at the same time it move [sic], and I fell. It fell with me at the same time while I was nailing the ceiling.
Q: But that I'm asking is right before you fell, is it your testimony that you felt the ladder move?
A: Yes.
Q: Right before you fell, your two feet were on the ladder, but your hands were not; correct?
A: Correct.
Q: Your feet were about halfway up the ladder more or less?
A: I imagine a little bit more. More or less between the middle and a little bit more.
Q: How did you feel the ladder move, did you feel it through your feet, did you feel it through another part of your body?
A: I felt it with my feet. I was nailing the sheetrock to the ceiling holding the sheetrock to the ceiling holding the sheetrock with my left hand, and I felt like the ladder moved suddenly. Yes. It move[sic] like a little bit — a little bit to the side.
Q: Do you know what caused the ladder to move?
A: No.
Q: Did you see anything come into contact with the ladder immediately before it moved?
A: No.
Q: Did you hear any — strike that. Where were you looking immediately before your accident?
A: I was looking up. I was looking up. I was nailing the ceiling with the screws.
(Id. at 145-147.)
Plaintiff underscores as follows during his examination before trial the link between the motion of the ladder and his fall:
Q: So after you felt the ladder move, what happened next?
A: I fell to the ground, and I lost a little bit of the consciousness.
(Id. at 147.)
During his examination before trial, Plaintiff also testified that he was neither provided, nor directed to use, scaffolding, manlifts or other like safety devices to perform his work before the occurrence (see id. at 124-126).
In sum, Plaintiff's position is that he was not provided with a safe and secured ladder, scaffolding, or hoist, such as a scissor-lift or other safety device to perform his elevated work (see id. at 120, 122, 125, 126, 145; see also NYSCEF Doc No. 78, statement of material facts ¶ 7).
The Duties of Owners, General Contractors, and Their Agents Under Labor Law § 240 (1)
Labor Law § 240 (1) reads, in pertinent part, as follows:
1. All contractors and owners and their agents, except owners of one and two-family dwellings who contract for but do not direct or control the work, in the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure shall furnish or erect, or cause to be furnished or erected for the performance of such labor, scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes, and other devices which shall be so constructed, placed and operated as to give proper protection to a person so employed.
The Court of Appeals has articulated as follows the exacting duty imposed on owners and contractors under Labor Law § 240 (1):
Labor Law § 240 (1) imposes upon owners and general contractors, and their agents, a nondelegable duty to provide safety devices necessary to protect workers from risks inherent in elevated work sites (see Rocovich v Consolidated Edison Co., 78 NY2d 509, 512-513 [1991]; Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 500 [1993]; Felker v Corning Inc., 90 NY2d 219, 223-224 [1997]). (McCarthy v Turner Constr., Inc., 17 NY3d 369, 374 [2011]).
In an earlier seminal, and oft-cited, decision, the Court of Appeals described as follows the contours of the courts' interpretation of Labor Law § 240 (1):
In other words, Labor Law § 240 (1) was designed to prevent those types of accidents in which the scaffold, hoist, stay, ladder or other protective device proved inadequate to shield the injured worker from harm directly flowing from the application of the force of gravity to an object or person.
(Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 501 [1993] [emphasis in original]).
Notably, to prevail on a Labor Law § 240 (1) cause of action, a plaintiff must establish that the statute was violated and that the violation was the proximate cause of her or his injuries (see Cahill v Triborough Bridge & Tunnel Auth., 4 NY3d 35, 39 [2004]; accord Barreto v Metropolitan Transp. Auth., 25 NY3d 426, 433 [2015]).
Plaintiff Established Prima Facie Entitlement to Summary Judgment on Liability Under Labor Law § 240 (1)
Plaintiff has established prima facie entitlement to partial summary judgment under Labor Law § 240 (1) by proffering his deposition transcript, in which he testified that, as he was working on an A-frame ladder, the ladder moved and fell, leading to his fall (see NYSCEF Doc No. 87, plaintiff EBT tr at 145-147). Plaintiff's testimony buttresses the assertion that the ladder was inadequately secured, which suffices to establish prima facie that the ladder failed to afford plaintiff proper protection.
For instance, in a case in which a plaintiff was using a ladder in a stockroom at Target Corporation in connection with a renovation project, which ladder "kicked out" from under him and caused him to fall to the floor, he sued Target Corporation, which owned the premises, and various other entities involved in the renovation project at issue, alleging a violation of Labor Law § 240 (1). The Second Department held as follows in rejecting the defendants' contention that the plaintiff failed to establish a prima facie violation:
As a threshold matter, the defendants' contention that the plaintiffs failed to establish a prima facie violation of Labor Law § 240 (1) is without merit. To establish a violation under Labor Law § 240 (1), "[t]here must be evidence that the ladder was defective or inadequately secured and that the defect, or the failure to secure the ladder, was a substantial factor in causing the plaintiff's injuries" (Hugo v Sarantakos, 108 AD3d at 745). Where, for instance, the plaintiff falls from a ladder because the plaintiff lost his or her balance, and there is no evidence that the ladder was defective or inadequate, liability pursuant to Labor Law § 240 (1) does not attach (see id.). By contrast, where a ladder slides, shifts, tips over, or otherwise collapses for no apparent reason, the plaintiff has established a violation (see Salinas v 64 Jefferson Apts., LLC, 170 AD3d 1216, 1222 [2019]; Cabrera v Arrow Steel Window Corp., 163 AD3d 758, 759-760 [2018]; Ricciardi v Bernard Janowitz Constr. Corp., 49 AD3d 624, 625 [2008]). Here, the plaintiffs established a prima facie violation with the plaintiff's testimony that the ladder he was using "kicked out" from under him, causing him to fall to the floor.
(Cioffi v Target Corp., 188 AD3d 788, 791 [2d Dept 2020] [emphasis added]). 
Further militating in favor of a determination that Plaintiff has established prima facie entitlement to partial summary judgment under Labor Law § 240 (1), Plaintiff has submitted the expert affidavit of Kathleen V. Hopkins, a Certified Site Safety Manager, who asserts in her affidavit that Plaintiff should have been provided with a ladder secured with blocks, braces, irons, ropes, or other like devices, or, alternatively, in lieu of a ladder, Plaintiff should have been provided with a scaffold, or a hoist, such as a scissor lift or a boom manlift (see NYSCEF Doc No. 79, Hopkins aff ¶ 14).
Mineola-Allen Defendants' Argument that Plaintiff Was the Sole Proximate Cause of the Accident
In circumstances where an accident has been caused by a violation of Labor Law § 240 (1), the plaintiff's comparative negligence is not a defense; however, there can be no liability under Labor Law § 240 (1) where the plaintiff's own actions are the sole proximate cause of the accident (see Barretto v Metropolitan Transp. Auth., 25 NY3d 426, 433 [2015]).
In opposition to Plaintiff's motion for partial summary judgment, the Mineola-Allen Defendants advance the argument that triable issues of fact exist as to whether Plaintiff was the sole proximate cause of the accident. Specifically, the Mineola-Allen Defendants rely upon the deposition testimony of Dennis Schneidler, Supervisor of Defendant Allen Blvd Interiors Inc., in an attempt to establish that scaffolding or manlifts were available to Plaintiff and, as such, that his failure to use such devices warrants a determination that triable issues of fact exist as to whether he was the sole proximate cause of the accident (see NYSCEF Doc No. 94, Gibbons aff ¶ 3).
Such position is at odds with a review of Dennis Schneidler's deposition transcript. Critically, an analysis of the deposition transcript of Dennis Schneidler reveals that he admitted not recalling whether scaffolding was available on the date of the occurrence. As Dennis Schneidler conceded during his deposition:
Q: Was it part of your responsibilities to oversee the work performed by WDC?[FN2]
A: Yes.[[FN3]
]
Q: What type of equipment would WDC workers use to perform their sheet rock work?
MS. ZUCKER: Note my objection. You can answer.
A: Ladders and Baker's Scaffold.
Q: Specifically, in November of 2019, did you observe WDC workers using ladders?
A: I don't remember.
Q: Specifically, in November of 2019, did you observe WDC workers using Baker's scaffolds?
A: I don't remember.
(NYSCEF Doc No. 88, Schneidler EBT tr 24 [emphasis added]).
Likewise, a review of the deposition transcript of Schneidler reveals that he did not remember [*2]whether he had ever seen a manlift used on a floor other than the first floor of the building (notably, the accident arose on the eighth floor). As Mr. Schneidler conceded during his deposition:
Q: Were any hoists or manlifts on-site?
MS. ZUCKER: Note my objection. You can answer.
A: The only manlift we had was on the first floor.
Q: And for what purpose was it on the first floor?
A: High ceiling.
***
Q: Had you ever seen it used on a floor other than the first floor.
A: I don't remember.
(Id. at 27 [emphasis added]).
The Mineola-Allen Defendants' efforts to defeat summary judgment via the "sole proximate cause" route is unavailing on a second independent ground. 
New York courts have established a stringent four-part test as a prerequisite for a litigant to avail itself of the "sole proximate cause" line of defense in the Labor Law § 240 (1) context. As the Second Department delineated the four-part test in question:
Where an accident is caused by a violation of Labor Law § 240 (1), the plaintiff's own negligence does not furnish a defense; however, there can be no liability under Labor Law § 240 (1) where the plaintiff's own actions are the sole proximate cause of the accident (see Barreto v Metropolitan Transp. Auth., 25 NY3d 426, 433 [2015]; Cahill v Triborough Bridge & Tunnel Auth., 4 NY3d at 39; Blake v Neighborhood Hous. Servs. of NY City, 1 NY3d at 290). A plaintiff is the sole proximate cause of his or her own injuries and a defendant has no liability under Labor Law § 240 (1) when the plaintiff: (1) had adequate safety devices available, (2) knew both that the safety devices were available and that he or she was expected to use them, (3) chose for no good reason not to do so, and (4) would not have been injured had he or she not made that choice (see Biaca-Neto v Boston Rd. II Hous. Dev. Fund Corp., 34 NY3d 1166 [2020]).
(Cioffi v Target Corp., 188 AD3d 788, 791 [2d Dept 2020] [emphasis added]). 
A review of the Mineola-Allen Defendants' opposition papers reveals that, at a minimum, they have failed to establish prima facie that the second, third and fourth prongs of the four-prong "sole proximate" cause test are satisfied — the Mineola-Allen Defendants have failed to adduce evidence establishing that Plaintiff knew both that the scaffolding or manlifts were available and that he was expected to use them; chose for no good reason not to do so; and (4) would not have been injured had he not made that choice.
The Court notes that in cases cited by Defendants — Saavedra v 64 Annfield Ct. Corp. (137 AD3d 771 [2d Dept 2016]), and Gittleson v Cool Wind Ventilation Corp. (46 AD3d 855 [2d Dept 2007]), cited in NYSCEF Doc No. 94, Gibbons aff ¶¶ 12, 13 — an alternative to the injury-producing ladder was immediately available. That was not the case here.
Additional Discussion
Because Labor Law § 240 (1) imposes an absolute duty to provide appropriate safety devices, a statutory defendant in an action alleging a violation must have provided such a device which was [*3]adequate to protect the plaintiff in the work he performed. Therefore, when a safety device was provided but it nonetheless collapsed or slipped, resulting in a gravity related injury, the incident itself has established a prima facie case. The burden then shifts to the defendant to establish an issue of fact. (See Panek v County of Albany, 99 NY2d 452 [2003]; Martinez v St-Dil LLC, 192 AD3d 511 [1st Dept 2021].)
Ever since 1900, New York courts have held that when a scaffold or ladder collapses or malfunctions for no apparent reason there is a presumption that the scaffold or ladder was not adequate to afford proper protection (e.g. Blake v Neighborhood Hous. Servs. of NY City, 1 NY3d 280 [2003]; Stewart v New York Telephone Co., 164 NY 553 [1900]; Valentin v Stathakos, 228 AD3d 985 [2d Dept 2024] cf. O'Brien v Port Auth. of NY & N.J., 29 NY3d 27 [2018]). As for slipping ladders, a worker is not precluded from making a Labor Law § 240 (1) claim on the basis that he failed to secure it (see Bland v Manocherian, 66 NY2d 452, 457 [1985]; Sacko v New York City Hous. Auth., 188 AD3d 546 [1st Dept 2020]; Markou v Sano-Rubin Constr. Co., Inc., 182 AD3d 674 [3d Dept 2020]; Von Hegel v Brixmor Sunshine Sq., LLC, 180 AD3d 727 [2d Dept 2020]; Canas v Harbour at Blue Point Home Owners Assn., Inc., 99 AD3d 962 [2d Dept 2012]; Gilbert v Albany Med. Ctr., 9 AD3d 643 [3d Dept 2004]; Haimes v New York Telephone, 46 NY2d 132 [1978]).
The Mineola-Allen Defendants have failed to establish a material issue of fact so as to rebut Plaintiff's prima facie showing of a Labor Law § 240 (1) violation.
Conclusion
IT IS HEREBY ORDERED:
(1) Plaintiff's motion for partial summary judgment as to liability under Labor Law § 240 (1) is GRANTED against Defendants Mineola Metro LLC and Allen Blvd Interiors Inc. A trial on damages only shall be conducted.
(2) To the extent that Plaintiff's motion for partial summary judgment as to liability under Labor Law § 240 (1) was interposed against Defendants Lalezarian Developers Inc. and Lalezarian Properties LLC, it is DENIED.
E N T E R
AARON D. MASLOW
Justice of the Supreme Court of the State of New York

Footnotes

Footnote 1:Transcripts may be procured from the court reporter (see Matter of Lewandowski v Office of Ct. Admin., 173 Misc 2d 335 [Sup Ct, Albany County 1997]).

Footnote 2:"WDC" refers to Third-Party Defendant WDC Builders Corp., Plaintiff's employer.

Footnote 3:This testimony — that Schneidler bore a responsibility to oversee WDC's work — renders Defendant Allen Blvd's argument that it is not a proper Labor Law § 140 (1) defendant in this case without merit (see Walls v Turner Construction Co., 4 NY3d 861 [2005]).