## Campoverde v WFP Tower D Co. L.P.

2025 NY Slip Op 31390(U)

April 21, 2025

Supreme Court, New York County

Docket Number: Index No. 152519/2020

Judge: Paul A. Goetz

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   **HON. PAUL A. GOETZ**      PART      47

*Justice*

-------------------------------------------------------------------X

ALEXANDER CAMPOVERDE,

             Plaintiff,

     - v -

WFP TOWER D CO. L.P., ABM INDUSTRIES
INCORPORATED,

             Defendants.

-------------------------------------------------------------------X

WFP TOWER D CO. L.P., ABM INDUSTRIES
INCORPORATED,

             Third-Party Plaintiffs,

     - v -

PALLADIUM WINDOW SOLUTIONS, LLC,

             Third-Party Defendant.

-------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 152519/2020 |
| MOTION DATE | 10/19/2024, 10/16/2024, 10/21/2024, 10/19/2024 |
| MOTION SEQ. NO. | 001 002 003 004 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 105, 132, 135, 139, 150, 151, 155, 156, 157, 158, 159, 160, 161, 171, 174, 175, 176, 180, 184, 190, 192, 193, 194, 195, 196

were read on this motion to/for          JUDGMENT - SUMMARY          .

The following e-filed documents, listed by NYSCEF document number (Motion 002) 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 136, 140, 143, 144, 145, 146, 147, 148, 149, 152, 153, 154, 166, 170, 172, 177, 181

were read on this motion to/for          JUDGMENT - SUMMARY          .

The following e-filed documents, listed by NYSCEF document number (Motion 003) 113, 114, 115, 116, 117, 118, 119, 120, 121, 122, 123, 124, 125, 126, 127, 128, 129, 130, 131, 137, 141, 162, 163, 167, 168, 169, 178, 182, 185, 186, 187, 188, 189, 197

were read on this motion to/for          JUDGMENT - SUMMARY          .

The following e-filed documents, listed by NYSCEF document number (Motion 004) 106, 107, 108, 109, 110, 111, 112, 133, 134, 138, 142, 164, 165, 173, 179, 183

were read on this motion to/for          JUDGMENT - SUMMARY          .

[* 1]

Upon the foregoing documents, it is

ORDERED that the part of plaintiff's motion (MS #4) pursuant to CPLR § 3212 seeking summary judgment on the issue of defendants' liability pursuant to Labor Law § 240(1) is granted, as plaintiff met his prima facie burden by establishing the existence of "an elevation related risk," failure to provide "an adequate safety device" to protect against that risk, and that the failure to provide an adequate safety device "was a proximate cause of the accident" (*Barreto v Metropolitan Transp. Auth.*, 25 NY3d 426, 433 [2015]) through his testimony that while he and his coworkers were installing a davit system to support a suspended scaffold, one of the masts, which was not secured by a winch, fell on plaintiff's leg (NYSCEF Doc No 122, pp. 42-53, 78-85, 90-113), and defendants fail to raise a material issue of fact as to any of those elements; and it is further

ORDERED that the parts of defendant ABM Industries Incorporated's (ABM) motion (MS #2) and defendant/third-party plaintiff WFP Tower D Co. LP's (Tower D) motion (MS #1) for summary judgment seeking dismissal of plaintiff's Labor Law § 240(1) cause of action are denied based on the foregoing; and it is further

ORDERED that the part of ABM's motion (MS #2) pursuant to CPLR § 3212 for summary judgment seeking dismissal of plaintiff's remaining causes of action for violations of Labor Law §§ 241(6), 202, 200 (and common-law negligence) and 240(2) as against it is denied because:

    (i)     ABM, as the general contractor (NYSCEF Doc No 88), had a "non-delegable duty [] to provide reasonable and adequate protection and safety" (*Toussaint v Port Auth. of New York and New Jersey*, 38 NY3d 89, 93 [2022] [internal citations omitted]) to plaintiff in the course of his work pursuant to Labor Law § 241(6);

    (ii)    ABM was a "contractor involved" with the subject work, which required "safe means for the cleaning of the windows" pursuant to Labor Law § 202;

**152519/2020  CAMPOVERDE, ALEXANDER vs. WFP TOWER D CO. L.P.**         **Page 2 of 4**
**Motion No.  001 002 003 004**

[* 2]

(iii)    Issues of fact remain as to whether ABM "actually exercised supervisory control over the injury-producing work" (*Jackson v Hunter Roberts Constr., L.L.C.*, 205 AD3d 542, 543 [1st Dept 2022])[1] such that it may be liable under Labor Law § 200 and for common-law negligence; and

(iv)    ABM does not specifically address plaintiff's Labor Law § 240(2) claim;

And it is further

ORDERED that the part of Tower D's motion (MS #1) pursuant to CPLR § 3212 for summary judgment seeking dismissal of plaintiff's remaining causes of action for common-law negligence and violations of Labor Law §§ 200 and 241(6) as against it is granted, as plaintiff's "injury was caused by the manner and means of the work" and there is no evidence that Tower D "actually exercised supervisory control over the injury-producing work" such that it may be liable under Labor Law § 200 and for common-law negligence (*id.*), and "[p]laintiff [did] not oppose dismissal of his Section 241(6) claim" (NYSCEF Doc No 150); and it is further

ORDERED that the part of Tower D's motion (MS #1) for conditional summary judgment on its contractual indemnity claims as against ABM and Palladium is denied, as it has not "establish[ed] that it was free from any negligence and [is being] held liable solely by virtue of the statutory liability" (*Correia v Professional Data Mgmt., Inc.*, 259 AD2d 60, 65 [1st Dept 1999]; *Radeljic v Certified of N.Y., Inc.*, 161 AD3d 588, 590 [1st Dept 2018] ["In light of the issues of fact that exist as to the extent of defendant's liability for causing plaintiff's injuries, summary judgment on defendant's contractual indemnification claim [] would be premature"]); and it is further

---

[1] *Espinal v Melville Snow Contrs.*, 98 NY2d 136 [2002], cited by ABM, is inapplicable to the facts of this case. Plaintiff does not seek to hold ABM liable in tort as an unintended third-party beneficiary of its contract; he seeks to hold ABM liable under the NY Labor Laws as an employee of ABM's subcontractor.

**152519/2020  CAMPOVERDE, ALEXANDER vs. WFP TOWER D CO. L.P.**
**Motion No.  001 002 003 004**

**Page 3 of 4**

[* 3]

3 of 4

ORDERED that the part of ABM's motion (MS #2) for summary judgment seeking dismissal of all crossclaims asserted against it (NYSCEF Doc No 7 [Tower D asserting crossclaims for contribution, indemnification, and breach of contract]) is denied, as granting same would be "similarly premature" (*Martinez v City of New York*, 73 AD3d 993, 999 [2nd Dept 2010])[2]; and it is further

ORDERED that third-party defendant Palladium Window Solutions LLC's (Palladium) motion (MS #3) pursuant to CPLR § 3212 for summary judgment seeking dismissal of the third-party complaint is denied, as defendants' liabilities, if any, have yet to be determined (NYSCEF Doc No 114 [only arguing that "there can be no claims against Palladium" because "there are no valid claims against Defendants"]).

20250421142548PGOETZ02B4767B624E4A2899B0083830D65E69

**4/21/2025**
**DATE**

**PAUL A. GOETZ, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | | GRANTED | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

---

[2] ABM's notice of motion seeks summary judgment "dismissing all cross claims asserted against it" (NYSCEF Doc No 72), but its moving papers also seek summary judgment on its own "cross claims for indemnification and contribution" (NYSCEF Doc No 73). Only the relief sought in the notice of motion was considered (*Onofre v 243 Riverside Dr. Corp.*, 232 AD3d 443, 443-44 [1st Dept 2024] ["Supreme Court properly found the notice of motion defective" because it failed to seek all forms of relief sought in the motion papers]).

**152519/2020  CAMPOVERDE, ALEXANDER vs. WFP TOWER D CO. L.P.**
**Motion No.  001 002 003 004**

**Page 4 of 4**

[* 4]