Acatila v Really Neat Realty, Inc. (2025 NY Slip Op 03786)

Acatila v Really Neat Realty, Inc.

2025 NY Slip Op 03786

Decided on June 25, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 25, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
LINDA CHRISTOPHER
LILLIAN WAN, JJ.

2024-04189
 (Index No. 505975/20)

[*1]Luis Acatila, respondent, 
v
Really Neat Realty, Inc., et al., appellants (and a third-party action).

Gerber Ciano Kelly Brady LLP, Buffalo, NY (David P. Johnson of counsel), for appellants.

DECISION & ORDER
In a consolidated action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Richard J. Montelione, J.), dated January 19, 2024. The order granted the plaintiff's motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1).
ORDERED that the order is affirmed, without costs or disbursements.
The plaintiff commenced an action against the defendant Really Neat Realty, Inc., and a separate action against the defendants Bigman Brothers, Inc., and Meathway Contracting, Inc., alleging, inter alia, a violation of Labor Law § 240(1). The two actions were later consolidated. Thereafter, the plaintiff moved for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1). By order dated January 19, 2024, the Supreme Court granted the plaintiff's motion. The defendants appeal.
"Labor Law § 240(1) 'imposes on owners or general contractors and their agents a nondelegable duty, and absolute liability for injuries proximately caused by the failure to provide appropriate safety devices to workers who are subject to elevation-related risks'" (Keen v Tishman Constr. Corp. of N.Y., 233 AD3d 1001, 1002, quoting Saint v Syracuse Supply Co., 25 NY3d 117, 124; see Valentin v Stathakos, 228 AD3d 985, 989). "'To prevail on a Labor Law § 240(1) cause of action, a plaintiff must establish that the statute was violated and that the violation proximately caused his or her injuries'" (Keen v Tishman Constr. Corp. of N.Y., 233 AD3d at 1002, quoting Fuentes v 257 Toppings Path, LLC, 225 AD3d 746, 748).
"'The collapse of a scaffold or ladder for no apparent reason while a plaintiff is engaged in an activity enumerated under the statute creates a presumption that the ladder or scaffold did not afford proper protection'" (Valentin v Stathakos, 228 AD3d at 989, quoting Cruz v Roman Catholic Church of St. Gerard Magella in Borough of Queens in the City of N.Y., 174 AD3d 782, 783). "To establish a violation under Labor Law § 240(1), '[t]here must be evidence that the ladder was defective or inadequately secured and that the defect, or the failure to secure the ladder, was a substantial factor in causing the plaintiff's injuries'" (Cioffi v Target Corp., 188 AD3d 788, 791, quoting Hugo v Sarantakos, 108 AD3d 744, 745; see Salinas v 64 Jefferson Apts., LLC, 170 AD3d 1216, 1222). "[W]here a ladder slides, shifts, tips over, or otherwise collapses for no apparent reason, the plaintiff has established a violation" (Cioffi v Target Corp., 188 AD3d at 791; see Salinas [*2]v 64 Jefferson Apts., LLC, 170 AD3d at 1222).
Here, the plaintiff established his prima facie entitlement to judgment as a matter of law on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) by submitting evidence that the ladder on which he was standing moved for no apparent reason, causing him to fall (see Cioffi v Target Corp., 188 AD3d at 791; Salinas v 64 Jefferson Apts., LLC, 170 AD3d at 1222). In opposition, the defendants failed to raise a triable issue of fact (see Masmalaj v New York City Economic Dev. Corp., 197 AD3d 1292, 1293; Cabrera v Arrow Steel Window Corp., 163 AD3d 758, 759-760).
The defendants' remaining contentions are without merit.
Accordingly, the Supreme Court properly granted the plaintiff's motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1).
DUFFY, J.P., MILLER, CHRISTOPHER and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court