Bista v State of New York

2026 NY Slip Op 01936

April 1, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Krzystof Bista, appellant,

v

State of New York, respondent. (Claim No. 134600)

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 1, 2026

2024-05540

Betsy Barros, J.P.

Paul Wooten

Janice A. Taylor

James P. Mccormack, JJ.

Lipsig Shapey Manus & Moverman, P.C. (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Jack W. Lockwood II], of counsel), for appellant.

Hannum Feretic Prendergast & Merlino, LLC, New York, NY (Mary C. Azzaretto of counsel), for respondent.

[*1]

DECISION & ORDER

In a claim to recover damages for personal injuries, the claimant appeals from an order of the Court of Claims (Carmen St. George, J.), dated May 10, 2024. The order, insofar as appealed from, denied the claimant's motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1).

ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and the claimant's motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) is granted.

The claimant allegedly was injured when he fell off of a ladder while working on a construction project at Farmingdale State College. The claimant commenced this claim against the defendant asserting, inter alia, a cause of action alleging a violation of Labor Law § 240(1). The claimant moved for summary judgment on the issue of liability on that cause of action. In an order dated May 10, 2024, the Court of Claims, among other things, denied the motion. The claimant appeals.

"Labor Law § 240(1) imposes on owners or general contractors and their agents a nondelegable duty, and absolute liability for injuries proximately caused by the failure to provide appropriate safety devices to workers who are subject to elevation-related risks" (Paiba v 56-11 94th St. Co., LLC, 228 AD3d 881, 882 [internal quotation marks omitted]). "To succeed on a cause of action under Labor Law § 240(1), a plaintiff must establish that the defendant violated its duty and that the violation proximately caused the plaintiff's injuries" (id. [internal quotation marks omitted]).

"Whether a device provides proper protection is a question of fact, except when the device collapses, moves, falls, or otherwise fails to support the plaintiff and his or her materials" (Yi Jiang Pai v Nelson Senior Hous. Dev. Fund Corp., 232 AD3d 822, 825 [internal quotation marks omitted]). Thus, "where a ladder slides, shifts, tips over, or otherwise collapses for no apparent reason, the plaintiff has established a violation" (Cioffi v Target Corp., 188 AD3d 788, 791; see Rosario v Horizon Networks, Inc., 240 AD3d 537, 539).

"Where an accident is caused by a violation of Labor Law § 240(1), the plaintiff's own negligence does not furnish a defense; however, there can be no liability under Labor Law § 240(1) where the plaintiff's own actions are the sole proximate cause of the accident" (Paiba v 56-11 94th St. Co., LLC, 228 AD3d at 882 [internal quotation marks omitted]; see Salinas v 64 Jefferson Apts., LLC, 170 AD3d 1216, 1222; Alvarez v Vingsan L.P., 150 AD3d 1177, 1178-1179).

Here, the claimant demonstrated his prima facie entitlement to judgment as a matter of law on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1). The claimant's deposition testimony established that the unsecured ladder moved suddenly and tilted to the left, causing him to fall (see Garcia v Fed LI, LLC, 239 AD3d 942, 945; Paiba v 56-11 94th St. Co., LLC, 228 AD3d at 882; Cioffi v Target Corp., 188 AD3d at 791; Salinas v 64 Jefferson Apts., LLC, 170 AD3d at 1222). In opposition, the defendant failed to raise a triable issue of fact as to whether the claimant's own acts or omissions were the sole proximate cause of the accident (see Paiba v 56-11 94th St. Co., LLC, 228 AD3d at 882-883; Salinas v 64 Jefferson Apts., LLC, 170 AD3d at 1222-1223; Alvarez v Vingsan L.P., 150 AD3d at 1178-1179).

Accordingly, the Court of Claims should have granted the claimant's motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1).

BARROS, J.P., WOOTEN, TAYLOR and MCCORMACK, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court